THE STATE, THE PASSAIC WATER COMPANY, PROSECU-
TOR, v. THE MAYOR AND ALDERMEN OF THE CITY OF
PATERSON.

The mere franchises of corporations are not taxable under the Tax act of
    1866 (*Rev.*, p. 1150), or section 105 of the Corporation act (*Rev.*, p.
    196; *Rev. Sup.*, p. 170).

On *certiorari*.

Argued at February Term, 1894, before Justices DIXON
and ABBETT, on the following statement of facts:

*First.* The commissioners of assessment of taxes of the city
of Paterson, in the course of their duties in rating for taxa-
tion real and personal property of the city of Paterson, for
the year 1893, made an assessment upon all the taxable real
estate of the Passaic Water Company situate in said city, and
in addition thereto did rate and assess the water-pipes and
street hydrants of the prosecutor which were laid under the
surface of the streets of said city or erected and maintained
along said streets, and did also rate and value the corporate
franchise of the said company, and did make an assessment
upon said valuation in one assessment termed "specials,"
said valuation of water-pipes, hydrants and corporate fran-
chise being the sum of $500,000, and said assessment being
in the form indicated upon the tax-bill hereto annexed, which
shall be taken as a part of this return.

*Second.* That the true taxable value of said water-pipes
and hydrants was $280,000, and the valuation upon said
franchise was $220,000, which said sums together made up
the said valuation of $500,000.

*Third.* The Passaic Water Company is a corporation of
this state, formed pursuant to the provisions of an act of the
legislature, entitled "An act to incorporate the Passaic Water
Company," approved February 13th, 1849, which said act

and the several supplements thereto as printed in the pamphlet laws of this state shall be deemed a part of this state of the case without further citation.

*Fourth.* The proceedings of the commissioners of assessment of the city of Paterson, in the making of the said assessment shall be deemed and taken to have been regular as to time and method of procedure provided by law.

*Fifth.* The questions raised by the prosecutor in objection to the tax relate only to the validity of the tax upon the valuation of $220,000 upon the corporate franchise of the prosecutor. The value of said franchise is not in question as excessive.

For the prosecutor, *John W. Griggs.*

For the defendant, *Thomas C. Simonton, Jr.*

The opinion of the court was delivered by

DIXON, J. The question presented in this case is whether our general laws authorize municipalities to levy taxes on mere corporate franchises.

That such franchises are taxable as property is settled by the judgment in *State Board of Assessors* v. *Central Railroad Co.,* 19 *Vroom* 146, but whether they are included among the subjects of municipal taxation is another question, dependent upon the proper construction of the laws delegating the taxing power to municipal bodies.

The defendant, in support of the present tax, first invokes the act of 1866 (*Rev., p.* 1150), the second section of which enacts that all real and personal estate, whether owned by individuals or corporations, shall be liable to taxation.

The form of expression adopted in this enactment suggests, I think, that it was designed to reach only those species of property which were usually owned both by individuals and by corporations, and that other species, such as offices, which are owned by individuals almost exclusively, and franchises, which are owned by corporations almost exclusively, were not

within the purview of the law. This suggestion is strength-
ened by the third section, which declares that the term "real
estate" shall be construed to include all lands, all water
power thereon or appurtenant thereto, and all buildings and
erections thereon or affixed to the same, trees and underwood
growing thereon, and all mines, quarries, peat and marl beds,
and all fisheries; and that the term "personal estate" shall
be construed to include goods and chattels of every descrip-
tion, including steamboats and other vessels, money, debts
due or owing from solvent debtors, * * * public stocks
and stocks in corporations. Every sort of property thus
enumerated is commonly owned both by individuals and by
corporations.

It seems reasonable also to regard this specification of the
kinds of property which are to be included in the terms "real
estate" and "personal estate," as a definition of those terms,
although that is not strictly required by the words of the act.
Such has, I think, been its construction in practice, and such
seems to be the force attributed to it in the opinions delivered
in this court and the Court of Errors, in *Pipe Line Co.* v.
*Berry*, 23 *Vroom* 308; 24 *Id.* 212. So construed, corporate
franchises are excluded, for among the particulars named
there is none under which they can be placed.

Even if this specification be not deemed a strict definition,
yet there is a strong probability that if, in framing this law,
the legislature had intended to render corporate franchises
liable to tax, so important an item would have been expressly
mentioned in the detailed description of the subjects of taxa-
tion. Its omission from the list indicates its exclusion from
the scheme.

In our judgment, mere corporate franchises are not taxable
under this law.

It is further urged that they can be taxed under section 105
of the "Act concerning corporations" (*Rev.*, p. 196; *Rev.
Sup.*, p. 170), which provides that the real and personal estate
of every corporation shall be taxed the same as the real and
personal estate of an individual.

This language, however, corresponds so closely with the phraseology of the act of 1866 in describing the subjects of taxation, as to compel the conclusion that the same subjects were intended by each. Such an interpretation harmonizes with the decision in *Jersey City Gaslight Co.* v. *Jersey City,* 17 *Vroom* 194, where the general expressions of section 105 were limited by the provisions of the act of 1866.

Our conclusion, therefore, is that the tax on the value of the corporate franchise is illegal and should be set aside, with costs.

On the principles laid down in *People* v. *Cassity,* 46 *N. Y.* 46; *Smith* v. *The Mayor,* 68 *Id.* 552, and *Pipe Line Co.* v. *Berry, ubi supra,* it would seem that the prosecutor was possessed not only of corporate franchises, but also of an estate in the land where its pipes and hydrants were located, and that this estate was assessable as real estate under the act of 1866. But according to the stipulation, we must suppose that an assessment was levied upon this real estate, outside of the $220,000, which is agreed upon as the value of the franchise. If this supposition be wrong, the parties may be heard on a motion to change the stipulation.