THE TIDE WATER PIPE COMPANY (LIMITED) v. STATE BOARD OF ASSESSORS.

1. "Partnership associations" organized under the Pennsylvania statute of June 2d, 1874, are invested with the essential characteristics of corporations, and may be taxed as corporations in this state.

2. Such an association doing business in New Jersey is taxable under our Corporation Tax act.

3. The tax imposed by our Corporation Tax act on foreign pipe line companies engaged in the transportation of oil from points in Pennsylvania and New York to points in New Jersey, is not an unconstitutional interference with interstate commerce. *Maine v. Grand Trunk Railway Co.*, 142 *U. S.* 217, followed.

On *certiorari*.

Argued at November Term, 1894, before Justices DIXON, MAGIE and LIPPINCOTT.

For the prosecutor, *Alvah A. Clark.*

For the defendant, *William Y. Johnson.*

The opinion of the court was delivered by

DIXON, J. The Tide Water Pipe Company (Limited) having been taxed in the year 1888, under our Corporation Tax act (*Rev. Sup., p.* 1016), has sued out this writ of *certiorari* to have the tax set aside.

Its first contention is that it is not a corporation.

It was organized under a statute of Pennsylvania entitled "An act authorizing the formation of partnership associations, in which the capital subscribed shall alone be responsible for the debts of the association, except under certain circumstances," approved June 2d, 1874.

Although associations formed under this act are called, in Pennsylvania, "joint stock companies," and as such are probably included in the term "corporations" for the purposes of article 16 of the Pennsylvania constitution, yet they do not seem to be regarded by the courts there as corporations, for, in *Tide Water Pipe Co.* v. *Kitchenman*, 108 *Pa. St.* 630, the Supreme Court, speaking of the present prosecutor, said: "It is not a corporation, but a limited partnership, organized under the act of June 2d, 1874."

Even if this view be entertained in the domestic forum, it is not conclusive upon foreign jurisdictions; and if the association is invested, by the laws under which it comes into being, with the essential characteristics of a corporation, it may be treated as one in other states, where it assumes to exercise corporate powers. *Liverpool Insurance Co.* v. *Massachusetts*, 10 *Wall.* 566.

This association exists under legislative authority; it has a name of its own, under which it can hold, own and convey real and personal property, transact business, sue and be sued; it can adopt and use a common seal; it can make by-laws and appoint officers for the management of its affairs; its members are not responsible for it obligations except to the extent of their unpaid subscribtions to its capital; their interest in the association is personal estate, whatever be the nature of the company's property, and can be transferred to strangers without dissolving the association; and the association will continue during the term mentioned in its certificate, unless sooner dissolved by the vote of its members. *Purd. Dig., p.* 937.

These powers comprise the substance of the general powers of corporations under the laws of Pennsylvania (*Purd. Dig., p.* 335) and also under the laws of New Jersey (*Rev., p.* 175).

The association having come into this state to exercise its statutory privileges, it should be deemed a corporation within the meaning of our Corporation Tax act. *Tide Water Pipe Co.* v. *Berry,* 23 *Vroom* 308.

The next objection to the tax is that the statute provides for a tax only against corporations doing business in this state, and the prosecutor, it is insisted, does no business in New Jersey, because its principal office is in Pennsylvania and all the pecuniary proceeds of its business are received in Pennsylvania or New York.

But, plainly, the company does business in New Jersey. Here it owns, maintains and operates a pipe line across the state, a pumping station at Changewater, storage tanks, distributing apparatus and a business office in Bayonne. All this it does as an artificial entity, distinct from the personal members who brought it into being, claiming the attributes which its Pennsylvania charter confers, and which, in our opinion, give it a corporate character. By taxing it as a corporation, the authorities of New Jersey acquiesce in this claim, but require the company to comply with the condition of such acquiescence.

In this respect the company clearly comes within the intent and meaning of the statute.

The last objection is that the imposition of the tax is an unconstitutional interference with interstate commerce.

According to the facts agreed upon, the entire business of the company consists of the transportation of oil or petroleum from points in New York and Pennsylvania to points in New Jersey and of matters incidental thereto, and consequently it seems to be merely interstate commerce.

The tax levied is designated by the statute as "an annual tax for the use of the state, by way of a license for its corporate franchise," and consists of eight-tenths of one per centum of "the gross amount of its receipts from the transportation of oil or petroleum through its pipes or in and by its tanks and cars in this state" during the year preceding the levy, the said gross amount being such proportion of its gross receipts for transportation of oil or petroleum over its whole line as the length of its line in this state bears to the length of its whole line.

The question thus raised is one to be decided according to the views of the Supreme Court of the United States. Those views have been recently expressed in a case which appears to be on all fours with the present case. I refer to *Maine* v. *Grand Trunk Railway Co.*, 142 *U. S.* 217, which is so apposite for present purposes as to preclude the need or the utility of further investigation.

Upon the authority of that decision, I think the objection stated must be overruled.

The tax should be affirmed, with costs.