THE RIVERTON AND PALMYRA WATER COMPANY v. CHARLES R. HAIG, COLLECTOR, &c.

1. The power of the legislature to pass a special law creating a township will not be considered upon a claim of a borough of a right to tax lands which were formerly within such borough, but were included within the boundaries of the township as defined by such law.

2. A water company, formed under the act of April 21st, 1876 (*Gen. Stat.*, p. 2199), and its supplements, has laid pipes under the public streets of the borough of Riverton and erected fire-plugs connected with the pipes; the pipes are used to convey water from its water works, which are erected and maintained in adjoining townships. *Held*, that such pipes and fire-plugs, whether they are real or personal property, are properly taxable in the borough, for if they are personal property,

they are visible personal property found there, within the meaning of section 6 of the act of March 19th, 1891 (*Pamph. L., p.* 189), and if they are real property, they are found within that taxing district; the plant, of which they are part, does not fall within the provisions of that section of the act of 1891 providing for the taxation of farms or lots lying within different taxing districts.

*Certiorari* bringing up an assessment of taxes imposed upon the Riverton and Palmyra Water Company for the year 1894 by the taxing authorities of the borough of Riverton.

The following facts appear :

The Riverton and Palmyra Water Company was incorporated July 20th, 1888, under the "Act for the construction, maintenance and operation of water works for the purpose of supplying cities, towns and villages of this state with water," approved April 21st, 1876 (*Gen. Stat., p.* 2199), and its supplements.

In 1889 the company erected water works upon one tract and a tank and tower upon another tract of land belonging to it in the township of Cinnaminson, and laid water-pipes therefrom into the villages of Riverton and Palmyra, in that township, and placed fire-plugs along the same.

In 1893 the borough of Riverton was incorporated and the lands whereon the company's water works stood were included in that borough.

By the "Act to establish a new township in the county of Burlington, State of New Jersey, to be known as the township of Palmyra," approved April 19th, 1894 (*Pamph. L., p.* 587), and taking effect immediately, the legislature undertook to create the township of Palmyra out of the township of Cinnaminson and the borough of Riverton. The tract on which the company's water works are erected falls within the boundaries of the township of Palmyra. The tract on which the company's tower and tank are erected is still within the township of Cinnaminson.

At the time for imposing taxes in 1894 the only property of the company within the borough of Riverton was the

water-pipes under the streets and the fire-plugs connected therewith.

The assessor of that borough assessed upon the company in that year the sum of $50,000 as "paid-in capital," and imposed thereon a tax of $1,004.20.

The company appealed to the commissioners of appeal, claiming that it was not thus assessable. They did not set aside the assessment but reduced it to $30,000.

Proceedings have been taken to enforce the tax.

Argued at June Term, 1895, before Justices VAN SYCKEL, MAGIE and LIPPINCOTT.

For the prosecutor, *Mark R. Sooy.*

For the defendant, *Clarence T. Atkinson.*

The opinion of the court was delivered by

MAGIE, J.   The Riverton and Palmyra Water Company, the prosecutor, complains of a tax imposed upon it by the authorities of the borough of Riverton for its paid-in capital stock.

This imposition is clearly erroneous. It is settled that such a corporation is to be taxed, not upon its capital stock, but upon its real and personal estate, as any individual person would be. *Rev. Sup., p.* 170, § 93; *Gen. Stat., p.* 935; *Gaslight Co.* v. *Jersey City,* 17 *Vroom* 194; *New Jersey Hedge Co.* v. *Craig,* 22 *Id.* 437; *Merchants' Insurance Co.* v. *Newark,* 25 *Id.* 138; *S. C.,* 26 *Id.* 145; *Society, &c.,* v. *New Brunswick, Id.* 65.

The result is that the assessment upon prosecutor must be vacated and set aside, so far as it exceeds the amount for which prosecutor might have lawfully been assessed, for, by the act of March 23d, 1881 (*Gen. Stat., p.* 3404), this court is required to make an assessment upon prosecutor for the taxes of 1894, if it was then liable to be assessed in the borough of Riverton.

Prosecutor was then liable to be thus assessed for taxation.

Its real estate was to be assessed where found, subject only to the provision that an occupied farm or lot lying within two taxing districts is to be taxed in that district in which the owner's residence is. A corporation is thus taxable, and its residence for taxing purposes is in the taxing district in which its principal office is. *Gen. Stat., p.* 3293, § 66; *Pamph. L.* 1891, *p.* 189, § 6; *Gen. Stat., p.* 3345; *Warren Manufacturing Co.* v. *Warford,* 8 *Vroom* 397; *Warren Manufacturing Co.* v. *Dalrymple,* 28 *Atl. Rep.* 671. Its visible personal estate was to be assessed where found, its other personal estate at its residence. *Pamph. L.* 1891, *p.* 189, § 6.

The statement preceding this opinion asserts that prosecutor had no property in the borough of Riverton in 1894, except its water-pipes under the streets and the fire-plugs connected therewith.

It is contended that this is an incorrect deduction from the stipulation of counsel. This contention is put upon the ground that the act of the legislature creating the township of Palmyra and including therein a part of the borough of Riverton, in which prosecutor's water works stand, was within the prohibitions of the constitution, and therefore not within the power of the legislature to pass. The claim is that the borough of Riverton retained the right to tax all property within its original bounds, notwithstanding the act.

But it is obvious that the legal existence of the township of Palmyra cannot be thus collaterally attacked. From the stipulation of counsel it appears that that township exists *de facto,* for it has imposed a tax upon prosecutor in respect to its lands. It would be extraordinary indeed, if, under a claim of a right to impose taxes on private property, one municipality could question the legal existence of another municipality having, at least, a *de facto* existence, and that in a proceeding to which the latter is not a party.

It results that we must restrict ourselves to the consideration of the water-pipes and fire-plugs in the borough of Riverton, and inquire whether prosecutor was taxable therefor in that borough in 1894.

Counsel have fully discussed the question whether such property is real or personal estate.

Pipes laid by a corporation under the soil in which an interest had been acquired from the owner by grant, are held in this state to be taxable as real estate. *Pipe Line Co.* v. *Berry,* 23 *Vroom* 308 ; *S. C.,* 24 *Id.* 212.

The *status* of pipes laid for the purpose of carrying gas or water under the public streets seems not to have been considered here. In other states it has been much debated and with variant results.

In my judgment, it is quite unnecessary to the decision of the question before us to settle whether such pipes under public streets have the quality of real or of personal estate, for in either case they were taxable in the borough of Riverton in 1894.

If they are personal estate they were then taxable as visible personal estate found in that borough, within the meaning of the act of March 19th, 1891. *Pamph. L., p.* 189, § 6 ; *Gen. Stat., p.* 3345. By that section a distinction is made, for purposes of taxation, between personal property which, like credits or choses in action, cannot be seen, but are only evidenced by acknowledgments, promises or undertakings express or implied, and personal property which can be seen. The former is to be taxed at the residence of the owner ; the latter is to be taxed where it is found. Personal property, to be included in the latter class, need not be actually seen by the assessor, but may be taxed by him if actually in his taxing district and capable of being seen if obstacles are removed.

If they are real estate, they were equally taxable there. It is true that they are connected with the water works and form part of prosecutor's plant essential to its business. They are not easements or appurtenances, but, if real estate, a part of the plant severed from it for the purposes of taxation by the fact that they are found in another taxing district. The reason which induced the legislature to enact that a farm or lot thus severed shall be assessed as a whole in the taxing district in which the owner resides may apply to this case.

But the language of that enactment is incapable of being extended to it. The plant of a water company is neither a farm nor a lot. If policy requires the extension of this mode of taxation to such plants, it is to be extended by the legislature. From the provisions of "A general act concerning taxes," approved March 28th, 1895, it seems that the legislature deems such mode of taxation not to be good policy, for it is thereby enacted that all real estate is to be assessed for taxation in the taxing district in which it is found. *Pamph. L.*, p. 748; *Gen. Stat.*, p. 3455.

The result is that the pipes and fire-plugs belonging to prosecutor, and found in the borough of Riverton, in 1894, were there assessable for taxation, and this court must impose an assessment on prosecutor therefor, according to their value. If counsel cannot agree on their taxable valuation, there will be a reference to a commissioner to determine it. When determined, either by stipulation or by reference and confirmation, this court will impose a tax thereon at the rate appearing in the case.

The excess of the imposition upon prosecutor brought up by this writ will be set aside, and, as prosecutor sought every other mode of relief without success, the vacation will be with costs.