WHITNEY REALTY CO. *v.* SECRETARY OF STATE.

1. STATUTES—CONSTRUCTION—AMBIGUITY.

A statute that is clear and unambiguous requires no construction.

2. CORPORATIONS—FRANCHISE FEE REQUIRED OF CORPORATIONS NOT APPLICABLE TO PARTNERSHIP ASSOCIATIONS.

The purpose of Act No. 85, Pub. Acts 1921, to impose a tax on corporations being clear and unambiguous, reference may not be had to Act No. 84, Pub. Acts 1921, or to any other enactment to infer a legislative intent to treat

partnership associations as corporations for the purpose of exacting the privilege fee required by said Act No. 85.

3. SAME—CONSTITUTIONAL LAW—TERM "CORPORATION" NOT APPLICABLE TO "PARTNERSHIP ASSOCIATIONS."

Because section 11, Art. 15, Const. 1850, made certain of its provisions applicable to associations and joint stock companies as well as to corporations, it does not follow that whenever the term "corporation" is used in legislation it must be construed to include "partnership associations."

Mandamus by the Whitney Realty Company, Limited, to compel Charles J. DeLand, secretary of State, to furnish blanks for filing annual reports. Submitted June 6, 1922.     (Calendar No. 30,258.) Writ granted October 2, 1922.

*Miller, Canfield, Paddock & Perry*, for plaintiff.

*Mark Norris, amicus curiæ.*

*Merlin Wiley*, Attorney General, and *Samuel D. Pepper*, Assistant Attorney General, for defendant.

CLARK, J.     Plaintiff is a partnership association organized under Act No. 191, Pub. Acts 1877, as amended (2 Comp. Laws 1915, § 7950 *et seq.*). It is required by that act to make an annual report to the secretary of State on a blank to be furnished by that officer. It requested a blank, was refused, and brought mandamus.

The defendant secretary of State contends:

"That section 13 of said Act No. 191 has been superseded by the provisions of Act No. 85 of the Public Acts of 1921, and more particularly by section 7 of the last mentioned act.

"That the said plaintiff is a corporation within the meaning of said section 7 of Act No. 85 of the Public Acts of 1921, is subject to its provisions, is required to file its annual report in the manner and at the time specified therein, and is not required to file any other or different annual report than as provided for in said section 7.

"That said section 7 of Act No. 85 requires this defendant to furnish the blank forms on which the annual report of said plaintiff corporation shall be made, and which form is materially different from the form contemplated in said Act No. 191 of 1877.

"That the said plaintiff corporation by this proceeding is seeking to avoid the filing of its annual report as required by said section 7 of Act No. 85, and particularly to avoid payment of the annual privilege tax prescribed in section 4 of said Act No. 85, to both of which provisions said plaintiff is subject.

"That this defendant, by virtue of the provisions of said Act No. 85 of 1921, is no longer required to furnish to said plaintiff, or to other like corporations, the blanks for annual reports formerly prescribed by said section 13 of Act No. 191 of the Public Acts of 1877." * * *

In effect the question is whether partnership associations are taxable under the provisions of Act No. 85, Pub. Acts 1921. With respect to the question here presented the language of Act No. 85 is clear and unambiguous. It relates to corporations, nothing else. Within itself there is no room for inference that it was intended to apply to partnership associations. But the secretary of State takes the position that ground for such an inference is furnished by section 2, art. 12, State Constitution, by the following cases: *Staver & Abbott Manfg. Co.* v. *Blake*, 111 Mich. 282 (38 L. R. A. 798); *Armstrong* v. *Stearns*, 156 Mich. 604; *Union Trust Co.* v. *Detroit Common Council*, 170 Mich. 692; *Rouse, Hazard & Co.* v. *Detroit Cycle Co.*, 111 Mich. 251 (38 L. R. A. 794), and by Act No. 84, Public Acts of 1921.

The section of the Constitution was section 11, art. 15, of the Constitution of 1850. Upon the question of whether the minority representation law (3 Comp. Laws 1897, § 8553) was applicable to partnership associations it was contended in *Attorney General* v. *McVichie*, 138 Mich. 387, that:

"Under the Constitution, the statutes, and the decisions of our Supreme Court, a partnership association is a corporation."

and we there held:

"Certain provisions of the Constitution are made applicable to 'all associations and joint stock companies, having any of the powers or privileges of corporations, not possessed by individuals or partnerships.' See Const. § 11, art. 15. But it does not follow that the term 'corporation,' as thereafter used in legislation, must in every instance be so comprehensively construed. Had the Constitution makers so intended, they could easily have said so, and the fact that the provision was limited to the term as used in the preceding sections indicates a contrary intention."

The holding is controlling on this branch of the case. The cases cited are instructive, distinguishable, and not decisive of the question presented.

Act No. 84, Pub. Acts 1921, relates to the organization, classification and regulation of corporations. Certain of its provisions are made applicable to partnership associations. See chapter 1, part 5. Our attention is also called to sections 1 and 2, part 5, and to Act No. 20, 1st Ex. Session of 1921, amending Act No. 84. The purpose of Act No. 85, Pub. Acts 1921, is to impose a tax on corporations. See *Union Steam Pump Sales Co.* v. *Secretary of State*, 216 Mich. 261. There is a marked difference in purpose of the acts. That certain provisions of Act No. 84 expressly treat partnership associations as corporations is unimportant as against the clear unambiguous language of Act No. 85. Respecting the question presented, Act No. 85 being clear and unambiguous, there is no occasion to refer to other enactments to discover the legislative intent. It is plain. Nothing requires construction. See *Voorhies* v. *Judge of Recorder's Court, ante,* 155.

To sustain the position of the secretary of State we

must hold that the term "corporation" when used in legislation must in every instance be construed to include "partnership associations." This we cannot do. See *Attorney General* v. *McVichie, supra.*

The plaintiff is entitled to the writ, but its issue will be agreeable to the practice indicated in *Niles Common Council* v. *DeLand,* 219 Mich. 609. No costs will be allowed.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.