WHITNEY REALTY CO. *v.* SECRETARY OF STATE.

1. CORPORATIONS—REPORTS TO SECRETARY OF STATE BY PARTNER-
   SHIP ASSOCIATIONS, LIMITED — STATUTES — VALIDITY — AMEND-
   MENTS—TITLE OF ACT.
     An amendment to Act No. 85, Pub. Acts 1921, by Act
       No. 233, Pub. Acts 1923, expressly providing that "the
       term 'corporation' as used in this act shall be deemed to

include partnership associations, limited," *held,* valid, although the title of said act was not amended.

2. SAME—STATUTES—REPEAL BY IMPLICATION.
   Sections 12 and 13 of Act No. 191, Pub. Acts 1877, as amended (2 Comp. Laws 1915, §§ 7961, 7962), referring to the filing of reports by partnership associations, limited, *held,* repealed by implication by Act No. 233, Pub. Acts 1923.

Mandamus by the Whitney Realty Company, Limited, to compel Charles J. DeLand, secretary of State, to furnish blanks for filing annual reports.    Submitted June 17, 1924.    (Calendar No. 31,509.)    Writ denied July 24, 1924.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Andrew B. Dougherty,* Attorney General, and *Donald W. Sessions,* Assistant Attorney General, for defendant.

MCDONALD, J.    The plaintiff's petition prays for a writ of mandamus to compel the secretary of State to furnish it with blanks for annual reports in accordance with section 13, Act No. 191, Pub. Acts 1877, as amended, being section 7962, 2 Comp. Laws 1915. The defendant refused to furnish the blanks requested on the ground that section 13, Act No. 191, Pub. Acts 1877, has been superseded by the provisions of Act No. 85, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11361 [1-14]), as amended by Act No. 233, Pub. Acts 1923, and that the plaintiff, which is a partnership association, limited, is now required to file its reports and pay the fee in compliance with the provisions of that amendment.

Act No. 85, Pub. Acts 1921, as originally enacted, nowhere refers to partnership associations, limited, by name.    Both in the title and the body of the act only the term "corporations" is used.    Considering

that act in *Whitney Realty Co.* v. *Secretary of State*, 220 Mich. 234, this court held that the legislature did not there intend to include partnership associations, limited, within the term "corporations." After this decision the legislature, by the amendatory act of 1923, expressly declared its intention to include such associations by the following provision (§ 3) :

"The term 'corporation' as used in this act shall be deemed to include partnership associations, limited, either domestic or foreign, all joint stock associations having any of the powers of corporations and such common-law trusts or trusts created by statute of this or any other State or country exercising common-law powers in the nature of corporations, in addition to such other corporations as are referred to in this act."

It did not, however, amend the title to the act and its failure to do so has given rise to this controversy.

It is the contention of the plaintiff that the subject-matter of the amendment is not within the title and that it is therefore void because in contravention of section 21, article 5, of the Constitution. We think that partnership associations, limited, are so closely akin to other corporations that they may be properly put in the same general class. That is what the legislature undertook to do in this amendment. In doing so, did it introduce into the act new matter not germain to that indicated in the title? The question is not whether the term 'corporation' is sufficiently comprehensive to include partnership associations, limited. If that were the question involved the case would be controlled by *Whitney Realty Co.* v. *Secretary of State, supra.* The reason for the holding in that case is that the legislature had not been in the habit of classifying such associations with other corporations, and therefore the term 'corporation' in itself, not being sufficiently comprehensive to include them, the legislative intent to do so must be expressly stated

in the act.  In the act under consideration here the legislature did expressly include them with corporations.  In view of that fact, the question is, as we have stated, Did the legislature by so doing introduce into the act new matter of legislation not germain to that indicated in the title?  Partnership associations, limited, are organized and exist by virtue of some statute the same as other corporations with many similar rights and privileges; they are *quasi*-corporations and have been treated as such by the Constitution of this State and by the courts.  As an instance, section 2, article 12, of the Constitution provides:

"The term 'corporation' as used in this article shall be construed to include all associations and joint stock companies having any of the powers or privileges of corporations not possessed by individuals or partnerships."  *  *  *

In *Armstrong* v. *Stearns,* 156 Mich. 597, it was said:

"It is well to premise this discussion by the statement that this court has determined that the law governing corporations, rather than the law governing copartnerships, is applicable to a partnership, limited."

In *Staver & Abbott Manfg. Co.* v. *Blake,* 111 Mich. 282 (38 L. R. A. 798), this court, referring to corporations and partnerships, limited, said:

"There is no difference in principle between the two.  Each is a legal entity, whose sole warrant for existence is found in, and whose powers and liabilities are fixed by, statute."

In view of this designation of partnership associations, limited, we do not think the legislature of 1923 injected any foreign matter into the term 'corporation' in defining it as including such associations.  However, it does not matter for the purpose of this case that the legislature was not technically correct in terming a partnership association, limited, a corpora-

tion.   Of course, every one knows that there is a real difference between them, but the law has invested partnerships, limited, with the character of corporations, and they are nearly enough akin that the courts have said they are to be governed by the same legal principles.   May it not be said, therefore, that in defining what was meant to be included in the term corporations as used in the title of the act, the legislature was not dealing with a new subject of legislation foreign to the purpose expressed in the title? It is our judgment that the amendatory act does not embrace more than one object of legislation, that it specifically applies to partnership associations, limited, and that the purpose to so apply it is fairly stated in the title.   The amendment is not void as to such associations.

It is further contended by the plaintiff that sections 12 and 13, Act No. 191, Pub. Acts 1877, have not been superseded by the amendment in question.   While the previous sections are not specifically mentioned as repealed, the provisions of the subsequent act deal with the same subject-matter as the former, and are inconsistent therewith.   It was surely not intended by the legislature that partnership associations, limited, should file two reports in the same year for the same purpose, and to pay two franchise fees.   The inconsistent sections of the prior act were repealed by implication.

For the reasons above stated the secretary of State was right in holding that the plaintiff must file its report and pay its franchise fee for the year 1923 in compliance with Act No. 85, Pub. Acts 1921, as amended by Act No. 233, Pub. Acts 1923.

The writ is denied.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.