[Sac. No. 4504. In Bank.—April 22, 1932.]

HILL–DAVIS COMPANY, LIMITED, Respondent, v. RICHARD W. ATWELL, Appellant.

J. F. Coonan for Appellant.

H. C. Nelson, Nelson & Ricks and Mark Morris for Respondent.

THE COURT.—The principles determinative of this appeal are well settled. Respondent company, on May 1, 1930, contracted with appellant to sell, and appellant agreed to buy, certain real property owned by respondent in Humboldt County, California. Within the time provided for in the contract respondent tendered a deed to the premises. This deed named as grantor "Hill-Davis Company, Limited, an association organized and existing under and by virtue of the laws of the state of Michigan, licensed and admitted to do business in the state of California". This deed appellant refused to accept solely on the ground that respondent is in fact a partnership, and as such has no power or capacity to hold or convey title to real property in its firm name. It should be here mentioned that it is conceded that if respondent is in fact a partnership it had no power to hold or convey title to real property in its firm name. (20 Cal. Jur. 722, sec. 39.) The property involved herein was acquired over a period of time antedating the adoption in this state in 1929 of the Uniform Partnership Act, by the express terms of which real property may be acquired in the partnership name and "title so acquired can be conveyed in the partnership name". (Sec. 2402, Civ. Code.) We do not find it necessary to determine whether that section is retroactive for the reason that we are of the opinion that respondent, as

far as its power to hold or convey real property is concerned, is not a partnership but is a corporation.

The present controversy was submitted to the trial court upon an agreed statement of facts, under the provisions of section 1138 of the Code of Civil Procedure. That court determined that respondent has the power to hold and convey title to its California properties in its firm name, and based on this determination decreed that respondent was entitled to specific performance.

From the stipulated facts it appears that respondent was organized in 1906 under and by virtue of the laws of the state of Michigan; that the act under which it was organized is entitled "An act authorizing the formation of partnership associations, in which the capital subscribed shall alone be responsible for the debts of the association, except under certain circumstances," (Public Acts of Michigan, 1877, Act No. 191, as amended, Compiled Laws of Michigan (1915), sec. 7950 et seq.); that respondent has complied with all of the requirements of that act; that in 1906 respondent came to California and engaged in business in this state as a foreign corporation; that at the time of entering this state and ever since it has complied with all of the laws thereof applicable to foreign corporations; that while engaged in business in this state it purchased in the firm name the real properties involved.

An examination of the act under which respondent was organized indicates that while associations such as respondent are called "partnership associations, limited", they possess, in fact, all of the powers and attributes of a corporation. Such an association has a separate and distinct entity entirely distinct from its members; it is organized under a general law by the filing of articles of association with the Secretary of State and county clerk; it pays to the state for the privilege of organizing and continuing to exist exactly the same fees and taxes as are exacted from corporations in that state; it is permitted to sue and be sued in the firm name; it may contract in the firm name; it may make and enforce by-laws; it has a common seal; it has stockholders as does a corporation, and the interest of these stockholders is by statute declared to be personal property; the stock may be sold or transferred, and the transferee becomes entitled to the same rights as existing members

possess; stockholders, except under certain circumstances, are not personally liable for the debts of the association; the association has perpetual succession; the death of a member does not dissolve the association; the association is governed by managers with powers similar to directors of corporations, and these managers are elected in precisely the same fashion as are directors of corporations. Section 10 of the act under which respondent is organized provides that "all real estate owned or purchased by any association, created under and by virtue of this act, shall be held and owned and conveyance thereof shall be made in the association name".

In spite of the fact that these powers have been conferred on respondent by Michigan law, appellant argues that because organizations such as respondent are called "partnership associations, limited", this state must treat them as partnerships regardless of the powers they possess. This is not the law even in the state of Michigan, where respondent was organized. That state holds that associations organized under the act in question are to be considered as corporations or *quasi* corporations. (*Whitney Realty Co., Limited,* v. *Deland,* 228 Mich. 96 [199 N. W. 669]; *Staver & Abbott Mfg. Co.* v. *Blake,* 111 Mich. 282 [38 L. R. A. 798, 69 N. W. 508]; *Armstrong* v. *Stearns,* 156 Mich. 597 [121 N. W. 312].)

However, even if Michigan did not treat such associations as corporations, and in fact, even if that state treated such associations as common-law partnerships, this state would not be bound by such designation. It is elementary law that when the question arises in one state as to whether a particular association organized under the laws of a sister state is a corporation or merely an unincorporated association, the question will be determined by considering the nature of the association as indicated by the powers and faculties conferred upon it by the state of its creation. If the powers and faculties conferred upon it are such as to make it essentially a corporation, it will be held to be such regardless of what or how the state of its creation calls or treats it. In the leading case on the subject, it appeared that the English parliament in creating an association, expressly declared in the statute creating it that it was not to be considered a corporation. That associa-

tion desired to do business in Massachusetts without comply-ing with the laws applicable to foreign corporations. The United States Supreme Court held that any state or country where that association desired to do business could inquire into its essential character, and could determine that it was in fact a corporation regardless of how it was considered in the country of its origin. (*Liverpool Ins. Co.* v. *Massachusetts,* 10 Wall. (77 U. S.) 566 [19 L. Ed. 1029], affirming 100 Mass. 531.) The test to be applied in such a situation is to determine the nature of the association as evidenced by the powers and attributes bestowed upon it. (*Edgeworth* v. *Wood,* 58 N. J. L. 463 [33 Atl. 940]; 8 Fletcher, Cyclopedia of Corporations, p. 9283, sec. 570.) In *Tide Water Pipe Co., Ltd.,* v. *Assessors,* 57 N. J. L. 516 [27 L. R. A. 684, 31 Atl. 220], an association organized under a statute of Pennsylvania substantially similar to the Michigan act under consideration, desired to do business in New Jersey. The Pennsylvania courts had held that such associations were not corporations. The New Jersey court held that "even if this view be entertained in the domestic forum, it is not conclusive upon foreign jurisdictions; and if the association is invested, by the laws under which it comes into being, with the essential characteristics of a corporation it may be treated as one in other states. . . . " The New Jersey court held it to be a corporation.

Tested by the above rules, and considering the powers and attributes of respondent, we have no hesitancy in holding that in California respondent is and should be treated as a foreign corporation, at least as far as its power to hold and convey real property in its firm name is concerned.

The judgment appealed from is affirmed.