PEOPLE *v.* E. L. RICE & COMPANY

1. STATUTES—CONSTITUTIONAL LAW—TITLE—"OBJECT-IN-TITLE" RE-
QUIREMENTS—DEFINITION IN STATUTE—STANDARD.
   A statute satisfied the constitutional requirement that the object
   of the statute be included in the statute's title as long as the
   definition in the body of the statute of a term used in the
   title is reasonably related to the everyday usage of that term
   so that the purposes sought to be achieved by requiring the
   object of the statute to be expressed in its title are not sub-
   verted (Const 1963, art 4, § 24).

2. STATUTES — WATCHES — "SECOND-HAND WATCHES" — DEFINI-
TION — LEGISLATIVE POWER — WORDS AND PHRASES.
   The Legislature, in passing a statute regulating the sale of
   second-hand watches and prescribing punishment for violation
   of the statute, could reasonably define a "second-hand watch"
   to include any watch whose case or movement, serial numbers
   or other distinguishing numbers or identification marks have
   been erased, defaced, removed, altered, or covered (MCLA
   § 445.551).

3. STATUTES—CONSTITUTIONAL LAW—TITLE—"OBJECT-IN-TITLE" RE-
QUIREMENT—DEFINITION IN STATUTE—WATCHES.
   A statute whose title is "An act to regulate the sale of second-
   hand watches" may, without violating the constitutional re-
   quirement that the object of a statute be included in the
   statute's title, regulate the sale of watches whose case or
   movements, serial numbers or other distinguishing numbers or
   identification marks have been erased, defaced, removed,
   altered, or covered where in the statute itself the term

REFERENCES FOR POINTS IN HEADNOTES

[1–4]  50 Am Jur, Statutes § 165 *et seq.*
[5]  50 Am Jur, Statutes §§ 358, 362.
[6]  50 Am Jur, Statutes §§ 223, 224.

"second-hand watch" is defined to include watches with altered serial numbers or identification marks (Const 1963, art 4, § 24; MCLA § 445.551).

4. STATUTES—WATCHES—"SECOND-HAND WATCHES"—SCOPE OF APPLICATION—WATCH BUSINESS—CASUAL SELLERS.

Statute regulating the conduct of "any person" who sells a second-hand watch or who advertises second-hand watches for sale applies only to persons engaged in the business of selling watches (new or used), although the sale of watches need not be the person's sole business; the statute does not apply to casual sales of watches by persons not engaged in business (MCLA § 445.552).

5. STATUTES—CONSTITUTIONAL LAW—VAGUE AND INDEFINITE STATUTES.

A statute must be read as a whole to determine if it is vague and indefinite.

6. STATUTES—"SECOND-HAND" WATCHES—REGULATION OF SALES—LEGISLATIVE PREROGATIVE.

A court may not properly substitute its judgment for that of the Legislature as to the need for legislation designed to protect the public from deception and fraud from those who sell second-hand watches.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 December 7, 1970, at Detroit. (Docket No. 7471.) Decided May 21, 1971.

E. L. Rice & Company was charged with the sale of "second-hand" watches without properly labeling them. Complaint dismissed. The people appeal. Reversed and remanded for trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Marston & Marston,* for defendant.

Before: LESINSKI, C. J., and LEVIN and O'HARA,* JJ.

LEVIN, J.  The people appeal from an order dismissing the complaint filed against the defendant, E. L. Rice & Co.  The complaint charges the defendant with committing the misdemeanor of selling "a watch whose case or movement, serial numbers or other distinguishing numbers or identification marks had been erased, defaced, removed, altered or covered, without having affixed thereto a tag with the words 'second hand' legibly written or printed thereon", in violation of MCLA §§ 445.551–445.555 (Stat Ann 1964 Rev §§ 19.734–19.738).

The trial judge ruled on three separate grounds that the act under which the defendant was charged was unconstitutional:

(1) The act violates Const 1963, art 4, § 24, in that the object of the act was not expressed in its title.

(2) The act is vague and indefinite in that it does not identify the trade, persons, or business that come within the act.

(3) The act is arbitrary and capricious in that there is no shown need for this type of police power regulation.

We take a different view of the act and reinstate the complaint and remand for trial.

The title of the act provides that it is "an act to regulate the sale of second-hand watches; and to prescribe penalties for the violation of the provisions of this act."  PA 1937, No 200.  The term "second-hand watch" is defined in the act to mean a

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

watch which has previously been sold to a consumer, and, additionally, "any watch whose case or movement, serial numbers or other distinguishing numbers or identification marks have been erased, defaced, removed, altered or covered." MCLA § 445-.551 (Stat Ann 1964 Rev § 19.734).

The defendant contends that the additional definition is beyond the scope of the title of the act because a watch from which serial numbers have been removed is not a second-hand watch. We are, however, persuaded that the Legislature could reasonably define as "second-hand" a watch so altered from its condition when newly manufactured. Having reached that conclusion we must uphold the constitutionality of the act. Manifestly the one-object-expressed-in-its-title clause does not require that whenever a term used in the title of an act is defined in the body of the act that the definition be repeated in the title. The title satisfies the constitutional requirement as long as the definition in the body of the act of a term used in the title is reasonably related to everyday usage of the term so that the purposes sought to be achieved by requiring the object of an act to be expressed in its title are not subverted. Compare *Whitney Realty Co. v. Secretary of State* (1924), 228 Mich 96.

By its terms the act applies to "any person, or agent or employe thereof" who sells a second-hand watch or who advertises second-hand watches for sale. MCLA §§ 445.552, 445.554 (Stat Ann 1964 Rev §§ 19.735, 19.737). It is apparent from the structure of the act[1] that it does not apply to casual

---

[1] The act provides: "the aforesaid record * * * to be open for inspection during all business hours by the prosecuting attorney of the county in which such person is engaged in business". MCLA § 445.551(1) [Stat Ann 1964 Rev § 19.734(1)].
"A duplicate of the aforesaid invoice shall be kept on file * * * and shall be open to inspection during all business hours by the

sales of watches by persons not engaged in business. It applies only to persons engaged in the business of selling watches (new or used) although the sale of watches need not be the sole business conducted by them.

A citizen who read the act would understand that it applies, at least, to persons so engaged in business. The act does not, by loose and ill-defined definition of the conduct proscribed, confer an unstructured discretion to convict or acquit on courts or juries. First Amendment freedoms are not involved. The act is not void for overbreadth, vagueness, or indefiniteness.

Nor could we properly substitute our judgment for that of the Legislature as to the need for legislation of this kind designed to protect the public from deception and fraud. See *Jasnowski* v. *Judge of Recorder's Court of the City of Detroit* (1916), 192 Mich 139, 142.

We do not reach the question adverted to during oral argument, but not briefed, of whether the people must prove that a person charged with selling or advertising a second-hand watch in violation of the act knew that it was "second-hand". See *Morissette* v. *United States* (1952), 342 US 246, 252 *et seq.* (72 S Ct 240, 244 *et seq.*; 96 L Ed 288, 294 *et seq.*).

Reversed and remanded for trial.

All concurred.

---

prosecuting attorney of the county in which the vendor is engaged in business."   MCLA § 445.553 (Stat Ann 1964 Rev § 19.736).