LAWNICHAK v DEPARTMENT OF TREASURY

Docket No. 165910. Submitted June 8, 1995, at Grand Rapids. Decided
    December 26, 1995, at 9:10 A.M.

James F. Lawnichak and others who paid severance taxes as
    holders of royalty interests in oil or gas wells brought an action
    in the Court of Claims against the Department of Treasury,
    seeking a declaration that the severance tax act, 1929 PA 48,
    as amended by 1965 PA 299, MCL 205.301 *et seq.*; MSA 7.351
    *et seq.*, and as applied to the plaintiffs, was unconstitutional.
    The court, Thomas L. Brown, J., granted summary disposition
    for the defendant. The plaintiffs appealed.

The Court of Appeals *held:*

1. The amended act does not violate the Title-Object Clause
of the Michigan Constitution, Const 1963, art 4, § 24. Fair
notice was given in the amended title and provisions of the act
that holders of royalty interests would be deemed producers of
oil or gas subject to the severance tax.

2. The amendments of the act did not change the nature of
the severance tax from an excise tax to a property tax. The
amended act therefore does not violate Const 1963, art 4, § 32,
which provides that every law that imposes, continues, or
revives a tax shall distinctly state the tax.

3. Because the act does not impose a property tax, it cannot
violate Const 1963, art 9, § 3, which requires uniformity of
valuation and assessment of property taxes.

4. The amended act does not violate due process. Sufficient
notice was provided to the plaintiffs that they would be subject
to the severance tax as producers, and the plaintiffs failed to
cite authority in support of their claim that the amended act
impermissibly shifted a portion of the tax burden to holders of
royalty interests not previously subject to the tax before the
amendment of the act.

Affirmed.

REFERENCES
Am Jur 2d, Gas and Oil §§ 3, 4; State and Local Taxation §§ 24-30,
    94, 109-110, 219.
See ALR Index under Gas and Oil; Taxes.

1. TAXATION — GAS AND OIL — SEVERANCE TAX ACT — CONSTITU-
   TIONAL LAW.

   The severance tax act, as amended to include holders of royalty
   interests in oil or gas wells among those liable for the tax, does
   not violate the Title-Object Clause of the Michigan Constitution
   or requirements of due process of law (1929 PA 48, as amended
   by 1965 PA 299, MCL 205.301 *et seq.*; MSA 7.351 *et seq.*; Const
   1963, art 4, § 24).

2. TAXATION — GAS AND OIL — SEVERANCE TAX.

   The severance tax is an excise tax, not a property tax (MCL
   205.301 *et seq.*; MSA 7.351 *et seq.*).

*Rosi & Senger, P.C.* (by *Philip R. Rosi* and *Julie A. Harrison*), and *Rhoades, McKee, Boer, Goodrich & Titta* (by *Dale W. Rhoades* and *Kurt Hassberger*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Russell E. Prins,* Assistant Attorney General, for the defendant.

Before: NEFF, P.J., and HOEKSTRA and G. SCHNELZ,* JJ.

HOEKSTRA, J. Plaintiffs appeal as of right an order of the Court of Claims granting summary disposition in favor of defendant. We affirm.

The facts in this case are not in dispute. Plaintiffs are holders of royalty interests as lessors of mineral rights in oil or gas wells. Defendant is the state agency responsible for administering and collecting the severance tax, MCL 205.301 *et seq.*; MSA 7.351 *et seq.* Plaintiffs brought this action challenging the constitutionality of the severance tax act. In general, plaintiffs' claims of unconstitutionality are predicated on amendments made to the severance tax act in 1965.

The severance tax act was enacted in 1929. In

---

* Circuit judge, sitting on the Court of Appeals by assignment.

its original form, the act required that persons, corporations, and businesses that actually drilled for and took the gas and oil from the ground were assessed the severance tax. In 1965, the severance tax act was amended to include holders of royalty interests, such as these plaintiffs, as individuals subject to payment of the severance tax. Plaintiffs' lawsuit seeks to have the 1965 amendments, as they apply to them, declared unconstitutional and the taxes paid refunded.

Plaintiffs' first claim of unconstitutionality is that the 1965 amendments violate the Title-Object Clause of the Michigan Constitution because the amendments failed to give fair notice that the longstanding system of imposing the severance tax was broadened to include holders of royalty interests. We disagree.

Const 1963, art 4, § 24 provides:

> No law shall embrace more than one object, which shall be expressed in its title. No bill shall be altered or amended on its passage through either house so as to change its original purpose as determined by its total content and not alone by its title.

When assessing a title-object challenge to the constitutionality of a statute, all possible presumptions should be afforded to find constitutionality. *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 464; 208 NW2d 469 (1973). An amended title should be construed reasonably, not narrowly and with unnecessary technicality. *Id.* The goal of the Title-Object Clause is notice, not restriction, of legislation, and it is only violated where the subjects are so diverse in nature that they have no necessary connection. *Consumers Power Co v Ass'n of Businesses Advocating Tariff Equity,* 205 Mich App 571, 577; 518 NW2d 514

(1994). The purpose of the clause is to prevent the Legislature from passing laws not fully understood, and to ensure that both the legislators and the public have proper notice of legislative content and to prevent deceit and subterfuge. *Advisory Opinion, supra* at 465; *Consumers Power, supra* at 576-577.

When enacted in 1929, the title of the severance tax act described the act as:

> An act levying a specific tax to be known as the severance tax upon all *corporations, associations or persons* engaged in the business of severing oil and gas from the soil; and prescribing the method of collecting the license; requiring all those engaged in the severance of such products to make reports of their business; to provide penalties and to prescribe for the disposition of the funds so collected; and to exempt those paying such specific tax from certain other taxes. [1929 PA 48. Emphasis added.]

As amended by 1965 PA 299, the title of the severance tax act deleted the emphasized words above and substituted the word "producers" in their place. In addition, § 1 of the act was amended to provide:

> There is hereby levied upon each producer engaged in the business of severing from the soil, oil or gas, a specific tax to be known as the severance tax. [MCL 205.301(1); MSA 7.351(1).]

Also, § 12 of the act was amended to add the following definition of "producer":

> "Producer" as used in this act means a person who owns, or is entitled to delivery of a share in kind or a share of the monetary proceeds from the sale of, gas or oil as of the time of its production or severance. [MCL 205.312(2); MSA 7.362(2).]

The net effect of these amendments was to make holders of royalty interests such as plaintiffs liable for payment of the severance tax. See *Brown v Shell Oil Co,* 128 Mich App 111; 339 NW2d 709 (1983).

Plaintiffs contend that the substitution of the word "producers" for the words "corporations, associations or persons" in the amended title of the severance tax act does not fairly indicate the purpose of the amendment or inform the public or the Legislature of the change in the act, which now requires owners of royalty interests to pay the severance tax. Rather, they maintain that these changes actually act to disguise and conceal.

Plaintiffs' argument seems to suggest that the words used in a title clause must be defined there or used there in a particularized way. To the contrary, definitions contained in the body of an act need not be repeated in the title. *People v E L Rice & Co,* 33 Mich App 699, 702; 190 NW2d 309 (1971). Further, if the definition used in the body of the act reasonably relates to everyday usage of the term, the title satisfies the constitutional requirement. *Id.* According the title of the severance tax act a presumption of constitutionality, we cannot say that the term "producers" as commonly used and understood fails to put those holders of royalty interests reading the title fairly on notice that the statute may apply to them. We believe that those receiving royalties from the extraction of gas or oil from the soil would reasonably be put on notice by the title of the act as amended that the act may apply to them, and that further inquiry within the body of the act would be warranted.

Likewise, the phrase "engaged in the business of severing oil and gas from the soil" in the title that follows "producers" does not render the title un-

constitutional as submitted by plaintiffs. We con-
clude that this modifying language, when read in
context, does not necessarily exclude holders of
royalty interests from the concept of "producers."
We believe this language is complementary to the
concept of a producer and does not limit the
concept as suggested by plaintiffs.

Next, plaintiffs contend that the severance tax
act violates Const 1963, art 4, § 32 because it
imposes a tax of a kind fundamentally different
from that designated in the title without giving
fair notice of the new tax. The basis for plaintiffs'
argument is that although the title indicates that
the tax is a specific tax, the tax is really a prop-
erty tax. Specifically, plaintiffs allege that the 1965
amendments of the severance tax act fundamen-
tally changed the tax from a specific tax to a
property tax without specifically designating it as
such.

Const 1963, art 4, § 32 provides: "Every law
which imposes, continues or revives a tax shall
distinctly state the tax." In *Cowen v Dep't of
Treasury,* 204 Mich App 428, 432; 516 NW2d 511
(1994), this Court suggested that the severance tax
was a specific tax, i.e., an excise tax. Previously, a
panel of this Court in *Brown, supra,* concluded by
negative inference that the severance tax was a
property tax. Having considered the question, we
conclude that the severance tax is in the nature of
an excise tax as opposed to a property tax. Conse-
quently, the 1965 amendments of the act did not
fundamentally change the nature of the tax and,
therefore, there is no violation of Const 1963, art
4, § 32.

Having decided that the severance tax act im-
poses a specific tax rather than a property tax, we
find that plaintiffs' contention that the act fails to
conform to Const 1963, art 9, § 3, which requires

uniformity of valuation and assessment of property taxes, is unavailing. *C F Smith Co v Fitzgerald,* 270 Mich 659, 673; 259 NW 352 (1935).

Finally, plaintiffs complain that the 1965 amendments of the severance tax act violate the requirements for due process of law. First, plaintiffs contend that the act failed to give fair notice that holders of royalty rights would be subject to the tax. We find this claim to be without merit. The definition of "producer" found in MCL 205.312(2); MSA 7.362(2) provided plaintiffs with sufficient notice that they would be subject to the tax. Finally, plaintiffs allege a due process violation based on a claim that the shifting of a portion of the tax burden to holders of royalty interests who had not been subject to the tax previously did not have a valid state purpose. Plaintiffs fail to cite any authority that adequately supports this claim and we are not persuaded that due process was violated in this instance.

Affirmed.