WHITMAN v LAKE DIANE CORPORATION

Docket No. 258553. Submitted June 7, 2005, at Grand Rapids. Decided
June 28, 2005, at 9:10 a.m.

Robert E. Whitman brought an action in the Hillsdale Circuit Court
against the Lake Diane Corporation, a summer resort owners
corporation established under MCL 455.201 *et seq.*, seeking de-
claratory and injunctive relief to stop an election by the corpora-
tion to expand the land under its jurisdiction. The court, Michael
R. Smith, J., on cross-motions for summary disposition, granted
injunctive relief for the plaintiff to prevent the defendant from
conducting the scheduled election, ruling that the election proce-
dures in the summer resort owners corporation act were insuffi-
ciently delineated to satisfy constitutional due process require-
ments. The defendant appealed.

The Court of Appeals *held*:

The circuit court was correct in granting injunctive relief for
the plaintiff. The act allows all freeholders to vote in an election for
expansion of the corporation's jurisdiction by annexation, but does
not indicate whether the election would be determined by voters at
the rate of one vote for each lot, one vote for each shareholder in
each lot, or one vote for each freeholder without regard to the
number of lots owned. That the election was to be held in
December and the proposed election allowed only freeholders who
had been in residence on all the weekends in the preceding month
to vote was a violation of the due process rights of freeholders who
are unlikely to be at a summer resort in November. The election
provisions contained in MCL 455.206c and 455.206d are constitu-
tionally invalid as violating the due process rights of those whose
property interests would be affected by such an election.

Affirmed.

CONSTITUTIONAL LAW — DUE PROCESS — SUMMER RESORT OWNERS CORPORATION
ACT — ANNEXATION ELECTIONS.

The provisions of the summer resort owners corporation act that
govern annexation elections are constitutionally invalid as violat-
ing the due process rights of those whose property interests would
be affected by such an election because the act does not specify who

is entitled to vote in the election and when the vote is to take place
(Const 1963, art 1, § 17; MCL 455.206c, 455.206d).

*Shumaker, Loop & Kendrick, LLP* (by *Mechelle
Zarou, Stephen A. Rothschild*, and *H. Buswell Roberts*),
for the plaintiff.

*Conlin, McKenney & Philbrick, P.C.* (by *W. Daniel
Troyka*), for the defendant.

Before: HOEKSTRA, P.J., and JANSEN and KELLY, JJ.

PER CURIAM. In this action for declaratory and injunc-
tive relief, defendant Lake Diane Corporation appeals
as of right the trial court's order granting plaintiff
Robert E. Whitman's motion for summary disposition
and permanently enjoining defendant from conducting
an election, pursuant to MCL 455.206, to expand the
territory under its jurisdiction. We affirm.

### I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant is a nonprofit corporation formed in 1977
under the summer resort owners corporation act, MCL
455.201 *et seq.*, which provides for the creation and
operation of a corporate association of property owners
to act as a local body of governance for summer resort
communities. See MCL 455.204. The act requires prop-
erty owners who become members of the corporation to
execute grants of authority under which the corpora-
tion is given "the right to exercise all jurisdiction,
conferred by [the] act, over the lands owned by mem-
bers of [the] corporation . . . ." MCL 455.207. During
the first two years following incorporation, "land of no
owner that does not voluntarily join [the] corporation
can be compelled to come under the jurisdiction of the
corporation . . . ." MCL 455.206. However, following

two years of continuous operation within "the territory to be affected," the corporation may call for an election to determine whether the "entire territory" comprising the resort community "should become entirely incorporated." *Id.*

In September 2003, defendant's board of trustees resolved to hold such an election for the purpose of expanding the territory of the corporation to include all lakefront property along Lake Diane in southern Hillsdale County. As required by MCL 455.206a, defendant published notice of the election, which was to be held on December 13, 2003, in a newspaper of general circulation within the county for a period of four weeks immediately preceding the election. As also required by the act, defendant provided for the registration of "all freeholders" within the affected area "qualified" under the act to vote on the proposed expansion. See MCL 455.206b and MCL 455.206c. On the eve of the election, however, plaintiff, who owns property along the shore of Lake Diane not currently under defendant's jurisdiction, brought this action for declaratory and injunctive relief, challenging the constitutionality of the summer resort owners corporation act on a number of grounds.[1]

A temporary restraining order enjoining defendant from conducting the scheduled election was issued by

---

[1] Specifically, plaintiff alleged that the summer resort owners corporation act violates the Michigan Constitution in that it is unconstitutionally vague as a whole, denies equal protection of the law to out-of-state freeholders, allows the taking of private property without just compensation, and violates the local government provisions of Const 1963, art 7, § 27. Because we find the proposed election under MCL 455.206 to have been properly enjoined on the basis of the constitutional deficiencies of the procedures attendant to such elections, we do not address these challenges to the constitutionality of the act, which we find to be either without merit or questionable regarding whether plaintiff has standing to raise the challenges. See *Lee v Macomb Bd of Comm'rs*, 464 Mich 726, 739; 629 NW2d 900 (2001).

the trial court on December 12, 2003. A preliminary injunction to the same effect was issued in January of the following year. Both parties thereafter sought summary disposition under MCR 2.116(C)(10). At the hearing on these motions, the trial court declined to address the constitutional arguments raised by plaintiff, choosing instead to invalidate sua sponte the act's election procedures on the ground that "the election process contained within the statute is invalid in that it does not specifically detail the requirements . . . as to who votes, how they vote, when they vote, and all the other requirements necessary for a valid election . . . ." Finding this lack of direction to violate constitutional due process requirements, the trial court enjoined the proposed election until such time as the procedural deficiencies identified by the court are addressed by the Legislature. This appeal followed.

## II. ANALYSIS

As a question of law, we review de novo a trial court's decision on a motion for summary disposition. *Ardt v Titan Ins Co*, 233 Mich App 685, 688; 593 NW2d 215 (1999). The constitutionality of a statute, which must be determined on the basis of the provisions of the act itself, is also a question of law that we review de novo on appeal. *Tolksdorf v Griffith*, 464 Mich 1, 5; 626 NW2d 163 (2001); *Judicial Attorneys Ass'n v Michigan*, 459 Mich 291, 304; 586 NW2d 894 (1998). Before undertaking such review, however, we note that the instant dispute is not the first in which the basic constitutionality of the summer resort owners corporation act has been called into question. In *Baldwin v North Shore Estates Ass'n*, 384 Mich 42; 179 NW2d 398 (1970), our Supreme Court was called upon to address the constitutional propriety of the weekend residency requirement of MCL 455.206c, which purports to identify those

persons qualified to vote in an election under MCL 455.206 and requires, among other things, that such persons "have resided week-ends in the territory to be affected for a period 1 month prior to such election . . . ." Noting "the peculiar type of community (resort) envisioned by the act," the Court found the "harsh requirement of 'bodily presence' in the community" for such a period to be violative of equal protection guarantees:

> In contrast to the usual local election situation, we deal here with residency *away* from the permanent domiciles of many potential voters, and we deal with the harsh requirement of "bodily presence" in the community. The facts giving rise to the present controversy make it abundantly clear that in the case of an election held in a resort area, many potential voters—whose interests will be vitally affected by the election results—cannot *reasonably* be expected to meet the weekend residency requirement of § 6c. As a result, contrary to the object of the legislation, which is to benefit all freeholders in an affected resort area, the residency requirements of § 6c has the practical effect of splitting, for election purposes, the natural class of area freeholders into two differently treated subclasses: those who are more or less permanent residents of the area and those who occasionally use their resort property. [*Id.* at 53 (emphasis in original).]

The Court further noted that the summer resort owners corporation act, as a whole, "borders on unconstitutionality by reason of its vagueness"—a problem the Court found to stem from the failure of the act to define such basic terms as "summer resort," "resort community," and "summer resort owners." See *id.* at 49.

Similarly, this Court recognized "the serious problems created by the vague terms contained within this act," but was not required to decide the constitutional challenge presented there because that case could "fairly be disposed of on other grounds" raised by the

parties. *Ryan v Ore Lake*, 56 Mich App 162, 166, 167; 223 NW2d 637 (1974). Here, no other issue offers an alternative to addressing the constitutionality of the election procedures provided for under the summer resort owners corporation act. On that issue, we hold that the deficiency of guidance with respect to such matters as who is entitled to vote in an election conducted pursuant to MCL 455.206 and when such an election is to take place violates the due process rights of those whose property interests will be affected by such an election.

The constitutional guarantee of due process, in its most fundamental sense, is a guarantee against arbitrary legislation. See *Grubaugh v City of St Johns*, 384 Mich 165, 170; 180 NW2d 778 (1970), citing 2 Cooley, Constitutional Limitations (8th ed), p 733. Legislation that is unrestricted or uncertain in its application, or otherwise fails to institute safeguards in proceedings that affect those rights protected by due process, i.e., life, liberty, or property, is, therefore, invalid for failure to meet the constitutionally mandated requirement of due process. See Const 1963, art 1, § 17; see also *Kampf v Kampf*, 237 Mich App 377, 381-382; 603 NW2d 295 (1999).

With respect to the procedures for voting in elections conducted under MCL 455.206, the summer resort owners corporation act requires only that the polls be held open between certain hours and that, during that time, "all registered qualified voters" are permitted to vote upon the proposed expansion. See MCL 455.206d. Despite the unique nature of summer resort corporations and the communities such entities were intended to benefit, see *Baldwin, supra* at 53, the act contains no restriction regarding the calendar month in which such an election may take place—a lapse in procedural

safeguards the detriment of which is apparent from defendant's having scheduled the election at issue here in December, a month in which it could be expected that a significant number of area freeholders likely would not be present at their resort residences. *Id.* Moreover, although the timeframes for local public notice of the election, MCL 455.206a, and registration of qualified voters, MCL 455.206b, are themselves sufficiently delineated to satisfy due process concerns, because these timeframes are expressly bound to that immediately preceding the election, the potential harm caused by this lapse significantly affects these provisions as well.

As found by the trial court, the act is also deficient in its identification of those persons qualified to vote in an election under MCL 455.206. With respect to such persons, MCL 455.206c provides:

> For the purpose of such election all *freeholders* who have resided week-ends in the territory to be affected for a period one month prior to such election and who are qualified voters in any voting precinct of the state of Michigan at general elections, are qualified voters for the purpose of this act. [Emphasis added.][2]

The failure of the Legislature to define the term "freeholder," like its failure to define those basic terms cited by the Court in *Baldwin, supra* at 49, renders the election procedure provided for under the act unconstitutionally vague. Indeed, as noted by the trial court, by simply providing that "all freeholders . . . within the territory to be affected" are qualified to vote in an

---

[2] As previously noted, the requirement that a freeholder reside weekends in the territory to be affected for a period of one month before the election has been deemed to be an unconstitutional infringement on equal protection guarantees. *Baldwin, supra* at 53-54. Consequently, although MCL 455.206c maintains that requirement, it is as ineffective as if it had never been enacted. *Johnson v White*, 261 Mich App 332, 336; 682 NW2d 505 (2004).

election held under the act, the act fails to address the effect of such circumstances as a single freeholder's possessory interest in more than one parcel within the territory, or multiple freehold interests in a single parcel. Such uncertainty in the operation of a statute does not satisfy due process. *Grubaugh, supra; Kampf, supra*.

Because an election pursuant to MCL 455.206 permits the involuntary annexation of property to the jurisdiction of a summer resort corporation, the lack of specificity with respect to such matters as who is entitled to vote on such expansion and when such vote is to take place, violates a property interest protected by the constitutional guarantee of due process. Const 1963, art 1, § 17. Consequently, for the reasons stated above, we find the election provisions contained in MCL 455.206c and 455.206d to be constitutionally invalid as a violation of the due process rights of those whose property interests would be affected by such an election.[3]

Affirmed.

---

[3] In reaching this conclusion, we reject defendant's invitation to validate the election procedures at issue here by concluding that, where deficient, the summer resort owners corporation act must be read to require those procedures found in the Michigan Election Law, MCL 168.1 *et seq*. The Legislature has failed to even implicitly provide for the use of such procedures in conjunction with the summer resort owners corporations act, and we decline to write such a provision into the law by judicial fiat. See *Ray v Transamerica Ins Co*, 10 Mich App 55, 61; 158 NW2d 786 (1968). Moreover, to do so would be to ignore the peculiar nature of the community and election at issue here, and the necessary distinction of such matters from those of general election procedures. *Baldwin, supra* at 53.