# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT HOGG,

        Plaintiff-Appellant,

v

FOUR LAKES ASSOCIATION, INC., CRYSTAL
KELLER, CHRISTOPHER ELLIOTT, CURTIS
WERNER, RANDY HOCKEY, BRYAN
GOGOLIN, ROBERT CAVILL, MARK WEISS,
RANDY HORNBY,

        Defendants-Appellees.

FOR PUBLICATION
October 23, 2014
9:10 a.m.

No. 316898
Livingston Circuit Court
LC No. 12-027239-CZ

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

SAAD, P.J.

        Plaintiff appeals the trial court's order that denied his motion for summary disposition and granted summary disposition to defendants. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

        Defendant Four Lakes Association, Inc ("FLA"), was established on April 30, 1968,[1] and is incorporated under the Summer Resort Owners Act ("the SRO"),[2] which permits individuals who own homes in a resort area to "form a summer resort owners corporation for the better welfare of said community and for the purchase and improvement of lands to be occupied for summer homes and summer resort purposes."[3] The entities incorporated under the SRO essentially function in a similar manner to homeowners associations, with special powers granted by statute.[4] FLA accordingly provides basic infrastructure services, including road maintenance, snow removal, and water quality testing, for properties located in a forested lake area near

---

[1] FLA's articles of association state that its "term of . . . corporate existence is perpetual."

[2] MCL 455.201, *et seq*.

[3] MCL 455.201.

[4] See, for example, MCL 455.204.

Brighton. It also owns small parcels of common property. To fund its operations, FLA collects dues from its members, and the individual parties to this suit, including plaintiff, have all served as officers and directors of FLA at various times. Both plaintiff and defendants own property within FLA's area of operation.

For reasons that are not entirely clear, plaintiff brought this suit in the Livingston Circuit Court, and alleged that FLA was no longer a valid organization and should cease operations, because MCL 455.202 prohibited SRO corporations from existing for more than 30 years. He also asked the court to force FLA to return any corporate funds to its members, and moved for summary disposition under MCR 2.116(C)(10).[5] Defendants admitted that FLA's term of corporate existence had not been renewed, but emphasized that the members were discussing new forms of association for the entity, and that they would lose essential infrastructure services if the court held that FLA no longer existed.

At a hearing, the trial court stated MCL 455.202's 30-year limit on SRO corporate existence was superseded by a section of Michigan's General Corporation Act, MCL 450.371, which allowed the term of existence of *any* corporation incorporated in Michigan to be perpetual. After it heard additional arguments from both parties on MCL 450.371's applicability, the trial court denied plaintiff's motion for summary disposition, and instead granted summary disposition to defendants. It noted that the 1963 Michigan Constitution essentially abrogated the SRO's 30-year limit to SRO corporate existence when it eliminated the 1908 Constitution's reference to temporal limits on corporate existence. Furthermore, the court stated that the Legislature intended MCL 450.371 to effect this change in public policy. Accordingly, the trial court held that MCL 450.371 superseded MCL 455.202, and allowed FLA to operate in perpetuity, as specified in its articles of association.

Plaintiff appealed the ruling to our Court, and argues that the trial court erred when it held that FLA was permitted by the SRO to declare that its existence was "perpetual" at the time of its incorporation, and that MCL 450.371 does not apply to the term of existence for SRO corporations. He also claims that the SRO is unconstitutional because the alleged vagueness of its terms violates the Title-Object Clause, Const 1963, art 4, § 24.[6] Plaintiff did not make this constitutional argument at trial.

## II. STANDARD OF REVIEW

---

[5] It is unclear under what subrule plaintiff moved for summary disposition, but because the trial court considered matters outside of the pleadings in its adjudication of the case, we review this matter under MCR 2.116(C)(10). *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008).

[6] We note that plaintiff's entire appeal is puzzling—on one hand, he demands that the mandates of the SRO be strictly enforced; on the other, he claims that the SRO is unconstitutional. Plaintiff does not seem to grasp the dissonance that is inherent in his arguments, but his lack of understanding is ultimately inconsequential, because both of his claims are without merit.

A trial court's ruling on a motion for summary disposition is reviewed de novo, and we view the evidence in the light most favorable to the nonmoving party. *Joliet v Pitoniak*, 475 Mich 30, 35; 715 NW2d 60 (2006). Matters of statutory interpretation are reviewed de novo. *In re McEvoy*, 267 Mich App 55, 59; 704 NW2d 78 (2005). "The first step when interpreting a statute is to examine its plain language, which provides the most reliable evidence of [legislative] intent." *Ter Beek v City of Wyoming*, 495 Mich 1, 8; 846 NW2d 531 (2014). When the language of a statute is unambiguous, "we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *Huron Mountain Club v Marquette Co Rd Comm*, 303 Mich App 312, 324; 845 NW2d 523 (2013).

As noted, plaintiff did not raise his constitutional arguments at trial. "Issues raised for the first time on appeal are not ordinarily subject to review." *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993). We may elect to review such issues when they involve questions of law, and the facts necessary for their resolution have been presented. *Smith v Foerster-Bolser Construction, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). Our review of any unpreserved issues is limited to plain error. *Kloian v Schwartz*, 272 Mich App 232, 242; 725 NW2d 671 (2006).

## III. ANALYSIS

## A. THE SRO AND THE GENERAL CORPORATION ACT

Michigan's General Corporation Act, MCL 450.1, *et seq*., governs the issuance, maintenance, and operation of corporate charters in the state. It provides that:

> Notwithstanding any other provision of law, the term of existence of *every domestic corporation* heretofore incorporated or hereafter incorporating *under any law of this state* may be perpetual or may be for a limited period of time, as fixed by its articles, or amendment thereto made before the expiration of its corporate term, or by a certificate of extension of its corporate term, or by a certificate of renewal of its corporate term. [MCL 450.371 (emphasis added).]

Accordingly, any Michigan entity that is incorporated under any Michigan law may exist perpetually or may exist "for a limited period of time, as fixed by its articles." By its plain language, then, MCL 450.371's mandate: (1) includes corporations incorporated under the SRO; and (2) supersedes the provisions of the SRO (namely, MCL 455.202) that imposed a 30-year limit on the existence of any entity incorporated under the SRO.[7]

---

[7] "The rules of statutory construction . . . provide that a more recently enacted law has precedence over the older statute." *Parise v Detroit Entertainment, LLC*, 295 Mich App 25, 28; 811 NW2d 98 (2011). The Legislature enacted the SRO in 1929, and enacted MCL 450.371 in 1963. MCL 450.371 therefore governs the term of existence of any SRO corporation. The fact that the Legislature made minor clerical amendments to MCL 455.251 in 1982 is irrelevant to

Here, FLA, which is located in Michigan, was incorporated in 1968 under the SRO. Accordingly, it is a "domestic corporation" incorporated "under [a] law of this state," and it thus may exist in perpetuity or for a limited period of time "as fixed by its articles." MCL 450.371. FLA's articles specify that its "term of . . . corporate existence is perpetual." FLA is therefore in existence and may carry out the functions specified in its articles.

Plaintiff's arguments to the contrary are completely unavailing. They ignore the plain language of MCL 450.371 and instead make inapposite citations to the Business Corporation Act,[8] a subchapter of the General Corporation Act that has no relation to the operation of MCL 450.371.[9] As noted, MCL 450.371 applies to "every domestic corporation heretofore incorporated or hereafter incorporating under any law of this state"—not just those incorporated under the Business Corporation Act or the General Corporation Act.[10]

---

MCL 450.371's supremacy in the area of corporate term of existence, because "[w]hen a statute continues a former . . . law, that law common to both acts dates from its first adoption, and only such provisions of the old act as are left out of the new one are gone, and only new provisions are new laws." *Wade v Farrell*, 270 Mich 562, 567; 259 NW 326 (1935).

The trial court and defendant's observation that the Legislature enacted MCL 450.371 in the same year as Michigan's 1963 Constitution, which eliminated the 1908 Constitution's 30-year limit on corporate term of existence, supports the above interpretation. See Const 1908, Art 12 § 3 ("[n]o corporation shall be created for a longer period than 30 years . . .").

[8] MCL 450.1101, *et seq*.

[9] Specifically, plaintiff cites MCL 450.1123(1), which states that:

> Unless otherwise provided in, or inconsistent with, the act under which a corporation is or has been formed, this act applies to . . . summer resort associations. . . . The entities specified in this subsection shall not be incorporated under this act.

As defendant correctly notes, MCL 450.1123(1)'s reference to "this act" is reference to the *Business Corporation Act*—not MCL 450.371, which is contained in the General Corporation Act, a broader chapter of which the Business Corporation Act is a part. See *Miller v Allstate*, 275 Mich App 649, 654; 739 NW2d 675 (2007) (implying that "this act" as used in MCL 450.1123(1) refers to "the Business Corporation Act"). The actual function of MCL 450.1123 is merely to allow SRO corporations to take advantage of the procedures specified in the Business Corporation Act, so long as the SRO does not provide otherwise.

[10] Our ruling conflicts with an unpublished decision of this Court, which held that an entity incorporated under the SRO was "not permitted to have a perpetual term." *American Family Homes, Inc v Glennbrook Beach Ass'n*, unpublished opinion per curiam of the Court of Appeals, issued May 28, 2013 (Docket Nos. 301489, 302331, 302780, 301490, 301496), slip op at *7. This decision, however, only analyzed SRO corporations within the context of the SRO, and did not mention, make citation to, or analyze the impact of MCL 450.371 on the SRO. Accordingly, we think it is wrongly decided on this issue. In any event, it is not binding authority, because it is unpublished. *Neville v Neville*, 295 Mich App 460, 468; 812 NW2d 816 (2012).

Plaintiff's claims on FLA's term of corporate existence are therefore incorrect as a matter of law, and the trial court properly granted defendants summary disposition under MCR 2.116(C)(10).

## B. THE TITLE OBJECT CLAUSE

As noted, plaintiff did not make his constitutional argument at trial, and we are therefore not required to entertain this claim. *Booth Newspapers,* 444 Mich at 234. However, we choose to do so because his argument involves questions of law and the facts necessary to resolve his claim have been presented. *Smith*, 269 Mich App at 427.

The Title Object Clause of the Michigan Constitution states that: "No law shall embrace more than one object, which shall be expressed in its title." Const 1963, art 4, § 24. "When assessing a title-object challenge to the constitutionality of a statute, all possible presumptions should be afforded to find constitutionality." *Lawnichak v Dep't of Treasury*, 214 Mich App 618, 620; 543 NW2d 359 (1995). The purpose of the clause is to "prevent the Legislature from passing laws not fully understood, and to ensure that both the legislators and the public have proper notice of legislative content and to prevent deceit and suberterfuge." *Id*. at 621. The clause is "only violated where the subjects [of legislation] are so diverse in nature that they have no necessary connection." *Id*. at 620.

The introduction of the SRO states that its purpose is

to authorize the formation of corporations by summer resort owners; to authorize the purchase, improvement, sale, and lease of lands; to authorize the exercise of certain police powers over the lands owned by said corporation and within its jurisdiction; to impose certain duties on the department of commerce; and to provide penalties for the violation of by-laws established under police powers. [1929 PA 137.]

Here, plaintiff unconvincingly asserts that the title of the SRO does not put effected parties on notice of its contents, and that it cannot apply to FLA, because he does not consider the area within FLA's area of operation a "summer resort." Plaintiff's personal beliefs and the fact that the SRO does not define "summer resort" do not render it unconstitutional under the Title Object clause. Furthermore, plaintiff has completely failed to show that the subjects of the SRO mentioned in the title are "so diverse in nature that they have no necessary connection." [11] Accordingly, his claim under the Title Object clause is without merit.[12]

---

[11] We note that Michigan courts have repeatedly refused to find the SRO unconstitutional in its entirety. See *Whitman v Lake Diane Corp*, 267 Mich App 176, 180–181; 704 NW2d 468 (2005); *Baldwin v North Shore Estates Ass'n*, 384 Mich 42, 49–50; 179 NW2d 398 (1970); and *American Family Homes*, slip op at *5.

[12] Plaintiff makes the equally frivolous (and unpreserved) assertion that the SRO impermissibly delegates legislative authority to organizations formed under its mandates. The SRO grants SRO

Affirmed.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

---

corporations the same powers and privileges as municipal corporations, which are administrative in nature, and designates them as the "local governing body" in the area under their authority. MCL 455.204. Because the Legislature may delegate administrative powers, and because the duties of a summer resort organization, as defined by the SRO, are administrative in nature, MCL 455.204 does not constitute an unconstitutional delegation of authority.