# STATE OF MICHIGAN

# COURT OF APPEALS

---

CAROL HUNTER,

        Plaintiff-Counter Defendant-
        Appellant,

v

BANK OF AMERICA,

        Defendant-Appellee,

and

PAUL MOMA,

        Defendant-Counter Plaintiff-
        Appellee.

UNPUBLISHED
July 30, 2015

No. 321180
Oakland Circuit Court
LC No. 13-132391-CH

---

Before: FORT HOOD, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

In this mortgage foreclosure action, plaintiff appeals the trial court's grant of summary disposition to defendants pursuant to MCR 2.116(C)(10). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In January 2008, plaintiff Carol Hunter mortgaged her home in Southfield for $198,000. Countrywide Bank, which was subsequently purchased by defendant Bank of America, originated the mortgage. Sometime thereafter, Hunter stopped making payments and defaulted on her mortgage. Bank of America instituted foreclosure proceedings by advertisement in 2009, and the county sold the property at a sheriff's sale on March 23, 2010.[1] At this stage, Hunter had

---

[1] Mortgage Electronic Registration Systems (MERS) originally purchased the home, and conveyed it the day after purchase to Fannie Mae. In July 2011, Fannie conveyed the property to Bank of America, which sold it to Moma in November 2012.

renounced any interest in her former home, as she quitclaimed the property to the Modine White Living Trust in November 2009. Neither Hunter nor the trust redeemed the property by the statutory date, September 23, 2010. Defendant Paul Moma eventually purchased the property in November 2012.

On September 23, 2010, plaintiff initiated a lawsuit in the Oakland Circuit Court against Bank of America, and asserted that it had: (1) "improperly initiated" the foreclosure action, because she remained in compliance with her mortgage agreement at the time of the foreclosure; (2) "fraudulently inhibited the modification" of her mortgage; and (3) "fraudulently accelerated" her mortgage. The Oakland Circuit found that Hunter's claims were without merit and dismissed the suit with prejudice in April 2011.

In spite of this judgment, Hunter brought the instant action in the Oakland Circuit Court in February 2013.[2] She alleged that Bank of America violated unspecified "applicable law and federal regulations" when it "improperly and unlawfully" initiated foreclosure proceedings on her home. She also claimed that Moma did not have a legitimate interest in the property, as his claim derived from Bank of America, which supposedly obtained the real estate through unlawful means. Hunter asked the court to declare her the legal and equitable titleholder of the home, clear of Moma and Bank of America's claims.

In its answer, Bank of America denied Hunter's allegations, and asserted, among other things, that Hunter: (1) failed to state a valid cause of action; and (2) lacked standing to bring suit, because she had conveyed all rights in the property to the Modine White trust in November 2009, five months before the county sold the home at the sheriff's sale. Bank of America also noted that Hunter had failed to redeem the property within six months of the foreclosure, as required by MCL 600.3240. Moma filed his own motion for summary disposition, pursuant to MCR 2.116(C)(7) and (C)(10), which Bank of America joined in June 2013.[3]

---

[2] It is likely that Hunter brought the instant suit in an unsuccessful attempt to prevent Moma from securing her eviction from the property. Moma sued Hunter on February 1, 2013 in the 46th District Court, to quiet title and receive judicial recognition that Hunter no longer retained any interest in the home. Before she responded to Moma's complaint, Hunter brought the instant action in the Oakland Circuit Court on February 21, 2013. On February 25, 2013, she responded to Moma's complaint, and implied that the instant suit against Bank of America and Moma rendered Moma's action against her invalid. She also claimed that Moma's interest in the property was illegitimate, because he received the interest from Bank of America. The district court was not convinced. In March 2013, it specifically denied Hunter's motion to dismiss Moma's suit, granted Moma summary disposition, and issued an order evicting Hunter from the home.

[3] In his arguments before the trial court, Moma, acting as a counter-plaintiff, counter-claimed that Hunter owed him damages. The trial court rejected Moma's assertions, and he does not raise this issue on appeal.

At a hearing in July 2013, the trial court granted defendants' motion for summary disposition. In its holding from the bench, the trial court stated that Hunter lacked standing because she: (1) deeded her interest in the property to the Modine White trust before the foreclosure occurred; and (2) failed to redeem the property within the relevant statutory redemption period. The trial court also ruled that Hunter's action was barred by res judicata, because she had made the same claims in the already resolved 2010 Oakland Circuit lawsuit and 2013 46th District Court lawsuit. Moreover, the trial court found that Hunter did not provide any factual basis for her substantive claims of fraud and breach of contract against Bank of America,[4] and stated that her instant action was an "egregious abuse" of the judicial system. Accordingly, the trial court granted summary disposition to defendants under MCR 2.116(C)(10) and dismissed Hunter's suit.[5]

On appeal, Hunter says that the trial court erred when it: (1) did not add the Modine White trust as a party pursuant to MCR 2.205 and 2.207; and (2) held that her claims against defendants were barred by res judicata. Hunter does not address her failure—and the failure of the trust—to redeem the property within the relevant statutory redemption period. Defendants ask us to affirm the holding of the trial court, and make the same arguments as they did at the motion hearing. In addition, defendants aver that Hunter's request to add the Modine White trust as a party is equitably estopped and irrelevant to this litigation, as the trust did not redeem the property within the relevant statutory redemption period.[6]

## II. STANDARD OF REVIEW

---

[4] Specifically, the trial court said:

> I'm really quite frankly appalled by what's gone on [in this case.] [Hunter] has failed at any turn here to establish any factual basis for the claims that are alleged. And the factual basis that is implied . . . is exactly the same as was previously decided by [the Oakland Circuit Court and the 46th District Court].

[5] Though the trial court did not specify under which subrule it granted summary disposition, we assume that it did so pursuant to MCR 2.116(C)(10) because the court considered materials outside the pleadings when it reached its determination. *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

[6] Defendants also wrongly assert that our Court lacks jurisdiction to hear this case. MCR 7.203(A)(1) provides our Court with jurisdiction over appeals from circuit court orders that are defined as "final" per MCR 7.202(6). A final order is the first order that disposes of all the claims against all of the parties to the case. MCR 7.202(6)(a)(i).

Here, Hunter appeals the March 14, 2014 order of the Oakland Circuit Court, which granted summary disposition to defendants, dismissed her suit, and dismissed Moma's counter-claim for damages. Because the March 14, 2014 order resolved these issues, it was the final order—it disposed of all the claims against all the parties to the case—and our Court therefore has jurisdiction over the appeal. MCR 7.202(6).

A trial court's decision to grant or deny a motion for summary disposition is reviewed de novo. *Hogg v Four Lakes Ass'n, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014). Questions of law, such as whether a party has standing to bring an action[7] and whether res judicata applies, are also reviewed de novo. *Marketplace of Rochester Hills Parcel B, LLC v Comerica Bank*, ___ Mich App ___; ___ NW2d ___, 2015 WL 1214748. A trial court's ruling on a motion to add or remove a party is reviewed for an abuse of discretion. *PT Today, Inc v Comm'r of Office of Financial and Ins Servs*, 270 Mich App 110, 136; 715 NW2d 398 (2006).

### III. ANALYSIS

A plaintiff who does not bring an action challenging a foreclosure within the six month statutory redemption period specified by MCL 600.3240 lacks standing to bring suit, because "[i]f a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). And, needless to say, to have standing to contest a foreclosure, a plaintiff must have an interest in the property being foreclosed. *Trademark Properties of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 136; 863 NW2d 344 (2014).

Here, Hunter lacks standing to bring this action for two reasons. First, Hunter has not had an interest in the property since November 2009, when she quitclaimed the real estate to the Modine White trust. Second, even if we assumed that Hunter had an interest in the parcel, neither Hunter nor the trust redeemed the property within the six month period mandated by MCL 600.3240(8). Accordingly, neither party has any right or interest in the property, and both parties lack standing to challenge the foreclosure.[8] For this reason alone, the trial court correctly dismissed Hunter's suit and granted summary disposition to defendants.[9]

Were we to nonetheless assume that Hunter has standing to challenge the foreclosure, Hunter's action would be barred by res judicata. "Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999). The doctrine applies when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Estes v Titus*, 481 Mich 573, 585; 751 NW2d 493 (2008). "Michigan courts have broadly applied the doctrine of res judicata.

---

[7] *American Family Ass'n of Mich v Mich State Univ Bd of Trustees,* 276 Mich App 42, 44–45; 739 NW2d 908 (2007).

[8] For this reason, it is unnecessary to address Hunter's argument that the trial court "erred" when it did not add the Modine White trust as a party to this dispute. Even if the trust had been a party to the suit, it would, like Hunter, lack standing to challenge the foreclosure, because it did not make any effort to redeem the property within the six month redemption period, as mandated by MCL 600.3240. *Bryan*, 304 Mich App at 713.

[9] Perhaps in tacit admission of the weakness of her claim, Hunter does not explain in her brief on appeal *why* her failure to redeem the property, and accordant lack of standing, is not dispositive to the resolution of this case.

They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Dart*, 460 Mich at 586.

In this case, the trial court correctly held that res judicata barred Hunter's action. Again, in her 2010 lawsuit in the Oakland Circuit, Hunter claimed that Bank of America: (1) "improperly initiated" the foreclosure action, because she remained in compliance with her mortgage agreement at the time of the foreclosure; (2) "fraudulently inhibited the modification" of her mortgage; and (3) "fraudulently accelerated" her mortgage. These claims are identical in substance to her arguments in the instant case, namely, that Bank of America "improperly and unlawfully" initiated foreclosure proceedings on plaintiff's home, and committed fraud when it violated unspecified state law and federal regulations. Moreover, in her response to Moma's 2013 action against her in the 46th District Court, Hunter averred that Moma's interest in the property was illegitimate, because he received the interest from Bank of America—the exact assertion she makes in the instant action.

Accordingly, Hunter's claims are barred by res judicata. Both the 2010 Circuit Court lawsuit and the 2013 District Court lawsuit were decided on the merits, and in each instance the court held for Bank of America or Moma, and against Hunter. *Estes*, 481 Mich at 585. The issues that animate the instant action were (or could have been) resolved in these two separate proceedings. *Id*. And both actions involved Hunter, Bank of America, and Moma, the parties involved in this case. *Id*. As such, the instant action is little more than an attempt to relitigate issues that have already been decided in two separate court proceedings. *Dart*, 460 Mich at 586. The trial court thus correctly held that Hunter's lawsuit is barred by res judicata, and granted summary disposition to defendants.

Moreover, were we to hold that res judicata did not apply to this action, the trial court also properly granted summary disposition to defendants because Hunter provided no factual support for her claims. During the motion proceedings, she simply stated that: (1) Bank of America violated unspecified "applicable law and federal regulations" when it "improperly and unlawfully" initiated foreclosure proceedings on her home; and (2) Moma lacked a valid interest in the property, because of Bank of America's alleged improprieties. Hunter provided no support for these allegations, in that she did not specify how exactly Bank of America's foreclosure violated the law beyond her mere statement that it did. When the party opposing summary disposition "fails to present documentary evidence establishing the existence of a material factual dispute," the motion for summary disposition is properly granted. *Quinto v Cross and Peters Co*, 451 Mich 358, 363; 547 NW2d 314 (1996).

The trial court, for any one or a combination of the above reasons, thus properly granted summary disposition to defendants pursuant to MCR 2.116(C)(10).

Affirmed.

/s/ Karen M. Fort Hood
/s/ HenryWilliam Saad
/s/ Michael J. Riordan