*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHIL FORNER,

        Appellant,

v

TALLMADGE CHARTER TOWNSHIP,

        Appellee,

and

CONSTRUCTION CODE COMMISSION,

        Intervening Appellee.

UNPUBLISHED
January 7, 2021

No. 350118
Construction Code Commission
LC No. 00-000000

Before: BOONSTRA, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Appellant Phil Forner appeals as of right, pursuant to MCL 125.1518. This case involves appellant's appeal of the Michigan Construction Code Commission's final decision, which approved in part and denied in part his application for appeal, which challenged the local code inspector's nonapproval of a furnace installation completed by Forner.[1] On appeal, Forner argues (1) that the Stille-DeRossett-Hale Single State Construction Code Act (CCA), MCL 125.1501 *et seq*., requires that the Commission hear and decide appeals from construction boards of appeal within 30 days of receipt of the appeal; (2) that the Bureau of Construction Codes, the subunit of the Department of Licensing and Regulatory Affairs (LARA) responsible for administering the CCA, cannot arbitrarily delay the transmission of appeals to the Commission beyond that statutory 30-day period; (3) that the Commission's failure to audio record its July 17, 2019 meeting violated defendant's due-process and equal-protection rights; and (4) that the CCA requires local code

---

[1] We granted the Commission's motion to intervene as an appellee. *Forner v Tallmadge Charter Township*, unpublished order of the Court of Appeals, entered November 13, 2019 (Docket No. 350118).

officials to enforce energy-efficient provisions only when doing so would be "cost-effective" in a given situation. We affirm.

## I. UNDERLYING FACTS

Forner was the mechanical contractor of record acting under a mechanical permit to replace an existing furnace at a single-family residence in Tallmadge Charter Township in March 2019. On March 20, 2019, the code inspector hired by the Township did not approve the inspection for the furnace installation after concluding that the ductwork in a conditioned space was not sealed as required by N1103.2.2 of the 2015 Michigan Residential Code (MRC).[2] Forner sought to appeal this unfavorable decision to the Township's Construction Board of Appeals. For reasons that remain unclear, the Township Construction Board of Appeals "did not hear the appeal of Mr. Forner due to a misunderstanding," and the Township decided to treat its lack of review as a denial, promising to "hear all appeals in the future." Forner then appealed that decision to the Commission and maintained that the inspector incorrectly interpreted the MRC to require duct sealing even when it was not "cost effective." He also complained that the Township failed to hold a Construction Board of Appeals hearing. After hearing arguments from Forner and the Township's Building Official at a meeting on July 17, 2019, the Commission denied Forner's argument, concluding that § N1103.2.2 of the MRC unmistakably required the sealing of ductwork in a conditioned space. This appeal followed.

## II. ENERGY EFFICIENCY

Forner argues that he was not required to seal the ductwork at issue in this case because it was not cost-effective; he additionally argues that individual code provisions of the MRC are only enforceable if they are cost effective on a case by case basis. We disagree.

## A. STANDARD OF REVIEW

This Court reviews de novo "whether an agency's action complied with a statute." *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 88; 832 NW2d 288 (2013). This Court will normally refrain from overturning an unlawful administrative agency action unless the substantial rights of the petitioning appellant were prejudiced. MCL 24.306; *Ranta v Eaton Rapids Pub Sch Bd of Ed (On Remand)*, 271 Mich App 261, 265; 721 NW2d 806 (2005). "An agency's decision is not authorized by law if it violates a statute or constitution, exceeds the statutory authority or jurisdiction of the agency, is made after unlawful procedures that result in material prejudice, or is arbitrary and capricious." *Oshtemo Charter Twp v Kalamazoo Co Rd Comm*, 302 Mich App 574, 582-583; 841 NW2d 135 (2013).

"Unless clearly erroneous, the Courts are to give great weight to the interpretation of a statute placed upon it by the administrative body whose job it is to apply the statute." *Schmaltz v Troy Metal Concepts, Inc*, 469 Mich 467, 471; 673 NW2d 95 (2003). That being said, "if an

---

[2] The code inspector also cited the furnace installation as lacking the necessary supports for residential furnace venting. The Commission resolved this separate violation in favor of Forner and the issue is not part of this appeal.

administrative agency's interpretation of a statute is contrary to the statute's plain meaning, the intent of the Legislature as expressed in the statutory language must prevail." *Guardian Environmental Servs, Inc v Bureau of Constr Codes & Fire Safety, Dept' of Labor & Economic Growth*, 279 Mich App 1, 10; 755 NW2d 556 (2008). Indeed, "[t]he judiciary alone is the final authority on questions of statutory interpretation and must overrule administrative interpretations that are contrary to clear legislative intent." *Id*. at 11.

## B. ANALYSIS

This Court and the Michigan Supreme Court have described the rules of statutory construction as follows:

> The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. [*PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 506; 778 NW2d 282 (2009), quoting *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001).]

"A provision of a statute is ambiguous only if it irreconcilably conflicts with another provision or is equally susceptible to more than a single meaning." *In re AGD*, 327 Mich App 332, 343; 933 NW2d 751 (2019). "Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *In re Smith Estate*, 252 Mich App 120, 124; 651 NW2d 153 (2002). That being said, "technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." MCL 8.3a.

The CCA governs the procedures for the enactment, administration, and enforcement of the state construction code. See MCL 125.1504; *Mich Ass'n of Home Builders v Dir of Dep't of Labor and Economic Growth*, 276 Mich App 467, 470; 741 NW2d 531 (2007), affirmed in part and vacated in part on other grounds by 481 Mich 496 (2008). The purpose of the CCA is to "eliminat[e] 'restrictive, obsolete, conflicting, and unnecessary construction regulations that tend to increase construction costs unnecessarily.' " *Cummins v Robinson Twp*, 283 Mich App 677, 693; 770 NW2d 421 (2009), quoting MCL 125.1504(3)(d). MCL 125.1504(1) provides that the state construction code shall consist of "rules governing the construction, use, and occupation of buildings and structures."[3] Additionally, the CCA authorizes the director of LARA to promulgate

---

[3] In full, MCL 125.1504(1) provides:

> The director shall prepare and promulgate the state construction code consisting of rules governing the construction, use, and occupation of buildings and structures, including land area incidental to the buildings and structures, the manufacture and

rules and energy conservation standards for the construction industry. MCL 125.1504(1). See also *Mich Ass'n of Home Builders*, 276 Mich App at 470. When promulgating the MRC, the Legislature provided, in relevant part, that

> (3) The code shall be designed to effectuate the general purposes of this act and the following objectives and standards:
>
> * * *
>
> > (f) To provide standards and requirements for cost-effective energy efficiency that will be effective April 1, 1997.
> >
> > (g) Upon periodic review, to continue to seek ever-improving, cost-effective energy efficiencies. [MCL 125.1504.]

Thus, the Legislature instructed the director to consider cost-effectiveness when promulgating rules for the MRC.[4] See *id*. It did not, however, establish that cost-effectiveness should be considered on a case-by-case basis. See *id*.

---

> installation of building components and equipment, the construction and installation of premanufactured units, the standards and requirements for materials to be used in connection with the units, and other requirements relating to the safety, including safety from fire, and sanitation facilities of the buildings and structures.

[4] The Legislature defined cost-effectiveness as it relates to MCL 125.1504(3)(f) and (g) as:

> [U]sing the existing energy efficiency standards and requirements as the base of comparison, the economic benefits of the proposed energy efficiency standards and requirements will exceed the economic costs of the requirements of the proposed rules based upon an incremental multiyear analysis that meets all of the following requirements:
>
> > (*i*) Considers the perspective of a typical first-time home buyer.
> >
> > (*ii*) Considers benefits and costs over a 7-year time period.
> >
> > (*iii*) Does not assume fuel price increases in excess of the assumed general rate of inflation.
> >
> > (*iv*) Ensures that the buyer of a home who would qualify to purchase the home before the addition of the energy efficient standards will still qualify to purchase the same home after the additional cost of the energy-saving construction features.
> >
> > (*v*) Ensures that the costs of principal, interest, taxes, insurance, and utilities will not be greater after the inclusion of the proposed cost of the additional energy-saving construction features required by the proposed energy

Forner argues that § N1103.2.2 of the MRC, which provides that "[d]ucts, air handlers, and filter boxes shall be sealed," should be considered on a case-by-case basis under MCL 125.1504. But MCL 125.1504 requires that cost-effectiveness be considered by the director only when promulgating the MRC; it does not establish that cost-effectiveness should be considered when the MRC itself is being enforced. Indeed, MCL 125.1504 addresses the original promulgation and subsequent revisions of the construction code, while other provisions specifically address matters of administration and enforcement, see, e.g., MCL 125.1508b (addressing administration and enforcement of the MRC). Those enforcement-related provisions provide no independent basis for concluding that a code inspector or official has any independent discretion in evaluating energy efficiency or cost-effectiveness before deciding to enforce a code provision. Consequently, pursuant to § N1103.2.2 of the MRC, Forner was required to seal the ducts at issue in this case even if doing so was not "cost-effective" in a particular case, whether the term "cost-effective" is defined according to the statutory definition or some other standard. In any event, Forner failed to seal the ducts at issue. Thus, the Commission properly denied Forner's appeal.

## III. DUE PROCESS AND EQUAL PROTECTION

Forner argues that his right to due process and equal protection was violated by the Commission's failure to create an audio recording of its meeting regarding his appeal. We disagree.[5]

## A. PRESERVATION AND STANDARD OF REVIEW

A due-process issue must be raised at the trial court level to be preserved. *Bay Co Prosecutor v Nugent*, 276 Mich App 183, 192-193; 740 NW2d 678 (2007) ("Plaintiff did not assert a due process claim below; therefore, this issue is unpreserved."). Forner failed to raise this issue below. Thus, the issue is unpreserved.

Similarly, Forner failed to raise his equal protection argument with the Commission. Thus, that issue also is unpreserved. See *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994) (holding that an issue raised in the trial court and pursued on appeal is preserved even if the trial court failed to address or decide the issue).

Unpreserved issues are reviewed for plain error. *Hogg v Four Lakes Ass'n, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 335-336; 612 NW2d 838 (2000) (quotation marks omitted), citing *People v Carines*, 460

---

efficiency rules than under the provisions of the existing energy efficiency rules. [MCL 125.1502a(p).]

[5] To the extent that Forner also raises an argument that the Commission was required by statute to create an audio recording of the meeting, we hold that argument waived on account of Forner's failure to specifically raise it in his statement of issues on appeal. See *Caldwell v Chapman*, 240 Mich App 124, 132; 610 NW2d 264 (2000).

Mich 750, 763; 597 NW2d 130 (1999). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (alteration in original, citation and quotation marks omitted). The appellant bears the burden of persuasion with respect to prejudice. See *Carines*, 460 Mich at 763 ("It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.") (quotation marks and citation omitted).

## B. DUE PROCESS ANALYSIS

An administrative agency "cannot act arbitrarily and must provide adequate procedural due process to the parties involved." *Livonia v Dep't of Social Servs*, 423 Mich 466, 505; 378 NW2d 402 (1985). Both the United States Constitution and the Michigan Constitution "preclude the government from depriving a person of life, liberty, or property without due process of law." *Hinky Dinky Supermarket, Inc v Dep't of Community Health*, 261 Mich App. 604, 605; 683 NW2d 759 (2004), citing US Const, Am XIV; Const 1963, art 1, § 17. Due process is a flexible concept that calls for such procedural safeguards as the situation demands. *In re Brock*, 442 Mich 101, 111; 499 NW2d 752 (1993); *Mathews v Eldridge*, 424 US 319, 332, 334; 96 S Ct 893; 47 L Ed 2d 18 (1976). Due process generally requires nothing more than notice of the nature of the proceedings and an opportunity to be heard in a meaningful manner. *Cummings v Wayne Co*, 210 Mich App. 249, 253; 533 NW2d 13 (1995). In *Bonner v City of Brighton*, 495 Mich 209, 238-239; 848 NW2d 380 (2014) (quotation marks and citations omitted), our Supreme Court explained:

> The essence of due process is the requirement that "a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it." All that is necessary, then, is that the procedures at issue be tailored to "the capacities and circumstances of those who are to be heard" to ensure that they are given a meaningful opportunity to present their case, which must generally occur before they are permanently deprived of the significant interest at stake. [Citations omitted; alteration in original.]

Forner argues that his right to due process was violated because the Commission did not record the meeting at which it addressed Forner's appeal. Forner, however, does not argue that he was not given notice of the meeting or an opportunity to be heard. Due process does not require that recordings or transcripts of a hearing be created. As such, Forner's right to due process was not violated by the Commission's failure to record the July 17, 2019 meeting.

## C. EQUAL PROTECTION ANALYSIS

Equal protection of the law is guaranteed by both the federal and Michigan constitutions, US Const, Am XIV; Const 1963, art 1, § 2, which, at their essence, "require[] that persons similarly situated be treated alike," see *Wysocki v Kivi*, 248 Mich App 346, 350; 639 NW2d 572 (2001). Forner does not explain the basis for his equal protection argument or whether his treatment resulted from his membership in a protected class. As such, his equal protection argument is abandoned. See *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) ("An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority.").

IV.  THE 30-DAY REQUIREMENT OF MCL 125.1516(1)

Forner argues that the Commission erred by not deciding his appeal within 30 days as required by MCL 125.1516(1).  We disagree.

Forner raised this same argument in an earlier case before this Court, in *Forner v Allendale Charter Twp*, unpublished per curiam opinion of the Court of Appeals, issued March 12, 2020 (Docket No. 346701).[6]  In that case, this Court stated:

> Appellant also raises numerous procedural challenges.  First, he argues that the Bureau is not authorized by law to determine if the Commission has jurisdiction to hear the appeal from a board of appeals.  Appellant fails to persuade us that the Bureau may not provide administrative support for the Commission, which has no support staff of its own.  But appellant's argument really concerns whether the Commission violated MCL 125.1516(1)'s requirement that "[a]n appeal to the commission shall be decided within 30 days after receipt of the appeal by the commission."  That is, the question is whether the 30-day period begins when an application for a construction code appeal is filed with the Bureau, which is appellant's view, or whether the clock starts only when the appeal has been approved by the Bureau and submitted directly to the Commission, which is the Commission's current practice.  Typically, we do not decide issues that have no practical legal effect on the case before us.  *In re Gerald L Pollack Trust*, 309 Mich App 125, 154-155; 867 NW2d 884 (2015).  And we see no reason to deviate from that rule in this case.  We affirm the Commission's decision resolving appellant's appeal on the merits, and so a ruling on the proper interpretation of MCL 125.1516(1) would not offer him any relief.  Further, appellant fails to explain how his substantial rights were prejudiced by the time taken to decide his appeal.  See MCL 24.306(1).  [*Id*. at 4-5.]

We agree.  As such, we decline to address the issue further.

V.  CONCLUSION

We find no error in the Commission's decision of this case, and we therefore affirm its ruling.  The Commission and Tallmadge Charter Township, as the prevailing parties, may tax costs pursuant to MCR 7.219.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Jonathan Tukel

---

[6] "An unpublished opinion is not precedentially binding under the rule of stare decisis."  MCR 7.215(C)(1).  However, unpublished opinions can be instructive or persuasive.  *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145; 783 NW2d 133 (2010).